## Díaz *v.* Guerra.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 819.—Resuelto en octubre 18, 1912.

Servidumbre de Luces y Vistas—Acción Confesoria de Servidumbre.—La acción confesoria de servidumbre es la que compete al que tiene una servidumbre constituída en su favor contra el que la impide. Pertenece a la clase de las reales y exige que el actor pruebe la posesión en que apoya su derecho.

Id.—Constitución de la Servidumbre de Luces y Vistas—Prescripción—Contrato.—Es indudable que bajo las leyes que rigieron en esta isla con anterioridad al Código Civil Español, bajo el Código Civil Español, y bajo el Código Civil Revisado, la prescripción y el contrato eran y son medios propios para adquirir una servidumbre de luces y vistas.

ID.—SERVIDUMBRES NEGATIVAS CONTINUAS Y APARENTES—PRINCIPIO DE LA PRESCRIPCIÓN ADQUISITIVA DE LA SERVIDUMBRE.—En las servidumbres negativas continuas y aparentes, como es la que pretende tener el demandante, el tiempo de posesión como base para adquirir la servidumbre, por prescripción, se cuenta desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre.

ID.—ACCIÓN CONFESORIA DE SERVIDUMBRE—INSUFICIENCIA DE LA DEMANDA— HECHOS CONSTITUTIVOS DE LA ADQUISICIÓN.—De acuerdo con la doctrina sentada en el párrafo anterior, el hecho de que el dueño de un solar fabrique a dos o más metros de distancia de sus lados y abra en las paredes de su casa ventanas con vistas rectas hacia los solares contiguos, no es suficiente por sí solo para adquirir por prescripción servidumbre de luces y vistas sobre dichos solares contiguos, y una demanda en la cual se alegan esos hechos como fundamento de la acción confesoria de servidumbre, as insuficiente.

ID.—ADQUISICIÓN DE LA SERVIDUMBRE POR CONVENIO—ACTOS CONSTITUTIVOS DEL CONVENIO.—El que el propietario de los solares en que están ubicadas las casas del demandante y del demandado en el caso de autos, estuviera conforme en que el demandante construyera su casa a dos metros o más de distancia de la línea divisoria de ambos solares y en que abriera en la pared ventanas con vistas rectas, no puede implicar en manera alguna que el dicho propietario conviniera en imponer a su otro solar una servidumbre de luces y vistas en favor de la casa del demandante.

ID.—ACCIÓN NEGATORIA DE SERVIDUMBRE—ELEMENTOS CONSTITUTIVOS DE LA ACCIÓN—PRUEBA DE LA EXISTENCIA DEL GRAVAMEN—DUEÑO DE LA FINCA GRAVADA.—La acción negatoria de servidumbre únicamente puede ser ejercitada por el dueño de la finca cuya libertad se pretende o por el que posea esta finca como suya. Dicha acción pertenece a la clase de las acciones reales e incumbe probar la servidumbre al demandado, porque toda propiedad se supone libre mientras no se pruebe la existencia del gravamen.

ID.—CASA DEL DEMANDANTE CONSTRUÍDA SOBRE SOLAR DEL MUNICIPIO.—De acuerdo con la doctrina consignada en el párrafo anterior, el dueño de una casa construída sobre un solar del municipio, a quien no se ha hecho parte en el pleito, no tiene derecho a ejercitar la acción negatoria de servidumbre de vistas y luces.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Miguel Guerra.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La primitiva demanda en este caso se presentó a la Corte de Distrito de San Juan. El demandado estableció contra ella las excepciones de indebida acumulación de acciones y falta de acción, y la corte declaró con lugar la última y concedió al demandante diez días para enmendar su demanda.

La demanda enmendada fué archivada el 18 de septiembre de 1911 y en 29 del mismo mes el secretario de la corte de distrito a petición del demandante anotó la rebeldía del demandado.  El demandante el 2 de octubre de 1911 solicitó oralmente de la corte que dictara sentencia en rebeldía contra el demandado, y la corte, el 24 de octubre de 1911, resolvió por los fundamentos de su resolución de 2 de septiembre de 1911, que la demanda no establecía buenas causas de acción y negó la solicitud del demandante.

El demandante volvió a pedir a la corte que dictara sentencia en rebeldía y la corte, en 29 de noviembre de 1911, se negó a enmendar o corregir su resolución de 24 de octubre. Por último, con fecha 25 de enero, 1912, se dictó y registró la sentencia que copiada en lo pertinente dice así:

"Esta corte ha estudiado cuidadosamente la demanda presentada en este caso, y por las razones consignadas en las resoluciones de dos de septiembre y 29 de noviembre de 1911, que se hacen partes de esta decisión, la corte dicta ahora su sentencia declarando sin lugar la demanda interpuesta, con las costas al promovente."

Contra esa sentencia se interpuso el presente recurso de apelación.

En la demanda enmendada se ejercitan tres acciones, a saber: La *confesoria de servidumbre,* la *negatoria de servidumbre* y la de *daños y perjuicios.*

Para fundar la primera, se alegan, en resumen, los siguientes hechos:

Que el demandante, desde antes del año 1899, es dueño de una casa que se describe debidamente.

Que el pleno dominio del solar en que está edificada la casa, pertenece al Municipio de Río Piedras; pero el demandante tiene sobre dicho solar, desde antes de 1899, el derecho de usufructo por título de concesión otorgado por el Municipio de Río Piedras.

Que el demandado es dueño de otra casa, que también se describe debidamente.

Que la casa del demandado está edificada sobre un solar que es propiedad del Municipio de Río Piedras y sobre el cual el dicho demandado tiene el derecho de usufructo. Los solares en que están sitas las casas del demandante y del demandado colindan entre sí.

Que el Municipio de Río Piedras dió al predecesor del demandante el solar en que está construída su casa sin limitación, ni gravamen, ni servidumbre de ninguna clase, con la única condición de que el dicho predecesor del demandante debía construir como construyó antes del año de 1879 la casa.

Que dicha casa fué construída en la forma que tiene actualmente de acuerdo con el Municipio de Río Piedras, abriéndose en ella desde entonces tres ventanas dando vistas rectas al solar en que se halla enclavada la casa del demandado, solar que estaba aún en aquella época en posesión de su dueño, el Municipio de Río Piedras.

Que la pared de la casa del demandante en la que están abiertas las referidas ventanas dista del solar contiguo (donde está la casa del demandado), más de dos metros.

Que las ordenanzas y costumbres del Municipio de Río Piedras vigentes en la fecha en que la casa fué construída, permitían levantar paredes con ventanas a la expresada distancia de dos metros.

Que cuando el Municipio de Río Piedras cedió al demandado o a su predecesor el solar de que se ha hecho mérito, ya estaban en la casa del demandante, en su lado Oeste que es el que colinda con dicho solar, los signos aparentes de las predichas ventanas.

Que desde antes de 1879 la casa del demandante vino disfrutando de las vistas que le proporcionaban sus ventanas, hasta 1899 en que el demandado construyó la casa de que se ha hecho mérito en el solar mencionado.

Que el demandante por sí y por su antecesor en título, había adquirido antes de 1899 sobre el repetido solar del Municipio de Río Piedras en que está la casa del demandado ''la servidumbre de vistas por las tres ventanas referidas,

por título de prescripción," y venía "disfrutando dichas vistas, de buena fe, con derecho a ellas, por acuerdo con el Municipio de Río Piedras, y no por fuerza ni por ruego a los dueños o usufructuarios del predio sirviente."

"Que la pared lateral del lado Este de la casa del demandado, construída como queda dicho en el año 1899, se halla levantada en la misma línea divisoria de ambos solares, del demandante y del demandado; y dicha pared, en una longitud de más de seis metros, paralela al costado Oeste de la casa del demandante, y con una altura de más de seis metros, se halla construída o levantada a una distancia menor de tres metros de la pared desde donde están las referidas ventanas, huecos o vistas de la casa del demandante.

"Que el demandado y sus predecesores en título, al adquirir su inmueble, sabían que la casa contigua era de la propiedad del demandante, y además: que el demandado o sus antecesores en título, al construir su casa en el año 1899, tuvieron conocimiento de la existencia de la referida servidumbre y que dicho gravamen y servidumbre, pesando sobre el predio del demandado tiene para el predio dominante un valor de más de mil dollars."

Para fundar la segunda acción ejercitada, o sea la *negatoria de servidumbre,* el demandante reprodujo los mismos hechos expuestos y alegó además:

"Que la pared, de mampostería que es el costado Este de la casa del demandado, se halla levantada en la misma línea divisoria que separa a ambos solares del demandante y del demandado.

"Que en dicha pared el demandado tiene abiertas dos ventanas dando vistas rectas al solar del demandante, siendo de menos de un metro la distancia que media entre el solar del demandante y la línea exterior de la pared en que están construídas dichas ventanas.

"Que tal gravamen o servidumbre se está usufructuando por el demandado contra la voluntad del demandante; y tiene un valor de más de mil dollars.

"Que el demandado, al adquirir del Municipio de Río Pie-
dras el usufructo del solar referido, lo adquirió sin derecho
alguno a tener servidumbres ni a abrir ventanas en paredes
situadas a menos de dos metros del solar del demandante."

Y por último, para fundar la acción de *daños* y *perjuicios*
el demandante reprodujo también todos los hechos estable-
cidos y alegó además:

"Que por culpa del demandado y de su causante se ha vis-
to privado de su servidumbre de vistas de que se ha hecho
mérito y ha sido perjudicado por tal motivo en la suma de
mil dollars, y

"Que contra su voluntad y por culpa, y en beneficio del
demandado, ha venido sufriendo la servidumbre de vistas
que el demandado tiene establecida desde 1899, ascendiendo
los daños y perjuicios a la suma de mil dollars."

La demanda termina suplicando a la corte "que se sirva
dictar su sentencia. en este pleito, declarando que la ley y
los hechos están a favor del demandante Acisclo Díaz Val-
cárcel y en contra del demandado Arturo Guerra Mondragón:

"Declarando con lugar la acción confesoria de servidum-
bre y en su consecuencia, disponiendo que la casa del deman-
dante tiene derecho de servidumbre de vistas, por las tres
ventanas de su costado Oeste, sobre el descrito solar del de-
mandado, y por tanto, condenando a éste a demoler la pared
Este de su descrita casa, retirándola a una distancia de más
de tres metros de la línea exterior de la pared en que se
hallan las ventanas del demandante;

"Declarando, en otro caso, con lugar la acción negatoria
de servidumbre y en su consecuencia que el solar del deman-
dante se halla libre de toda servidumbre a favor del solar
del demandado, y por tanto, condenando a éste a tapiar los
dos huecos o ventanas construídas en la pared Este de su des-
crita casa con vistas al solar del demandante;

"Condenando al demandado a pagar al demandante la
suma de dos mil dollars por los daños y perjuicios alegados

·en la tercera causa de acción; e imponiendo al demandado las costas de este pleito.''

 Veamos si la demanda aduce o nó hechos suficientes para ·determinar las causas de acción en la misma ejercitadas, o ·alguna de ellas por lo menos. Comenzaremos por la primera o sea por la acción *confesoria de servidumbre.*

Dicha acción ''es la que compete al que tiene una servidumbre constituída en su favor contra el que la impide, para que el juez declare corresponderle ésta al actor, y condene al demandado a que no le perturbe en la quieta y pacífica posesión en que se halla, dando caución de no hacerlo en adelante, y restituyendo los frutos e intereses percibidos. Esta acción pertenece a la clase de las reales y exige que el actor pruebe la posesión en que apoya su derecho.'' (1 Escriche, 184.)

El demandante alega que su casa se fabricó desde antes de 1879 con sus tres ventanas abiertas con vistas rectas sobre el solar en que, en el año de 1899, se construyó la casa del demandado; que la pared en que se abrieron las ventanas está a más de dos metros de la línea divisoria de ambos solares, y que la construcción de su casa en tal forma se hizo de acuerdo con el Municipio de Río Piedras, propietario de los dos solares.

De estos hechos hace derivar el demandante su derecho, adquirido según él, ya por prescripción, bien por convenio con el propietario del predio sirviente.

Es indudable que bajo las leyes que rigieron en esta isla con anterioridad al Código Civil Español, bajo el Código Civil Español y bajo el Código Civil Revisado, ambos medios, prescripción y contrato, eran y son propios para adquirir una servidumbre de luces y vistas.

La cuestión a estudiar y a resolver es si los hechos alegados demuestran en este caso la existencia de la prescripción o del convenio.

El hecho de que el dueño de un solar fabrique a dos o

más metros de distancia de sus lados y abra en las paredes de su casa ventanas con vistas rectas hacia los solares contiguos, no es suficiente por sí solo para adquirir por prescripción servidumbres de luces y vistas sobre dichos solares contiguos.

Tal hecho demuestra solamente que para abrir dichas ventanas con vistas rectas, el dueño de la casa cumplió con los requisitos que la ley exigía antes y exige ahora. Los derechos de los propietarios de los solares colindantes, en nada quedan perjudicados.

Si se hubiera alegado en la demanda, por ejemplo, que al ir a levantar su casa el demandado en la misma línea de su colindancia con el demandante, o a cierta distancia de la misma, el demandante, alegando que tenía un derecho de servidumbre de luces y vistas, se había opuesto a ello formalmente, y el demandado había desistido de su obra, y que desde la fecha de tal oposición formal hasta la en que se había comenzado por el demandado la nueva construcción, había transcurrido el término que la ley señala para adquirir por prescripción la servidumbre, entonces sería de aplicar el artículo 592 del Código Civil Revisado, exactamente igual al 585 del Código Civil Español, que invoca el demandante; porque en las servidumbres negativas continuas y aparentes, como es la que pretende tener el demandante, el tiempo de posesión como base para adquirir por prescripción se cuenta desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre.

La doctrina que hemos expuesto está basada en lo prescrito en los artículos 540, 544, 545, 589, y 592 del Código Civil Revisado, iguales a los artículos 533, 537, 538, 582, y 585 del Código Civil Español; en el derecho histórico, y en la jurisprudencia de la Corte Suprema de España, establecida entre otras muchas, en las sentencias de 6 de marzo de

1875, 31 Jurisprudencia Civil, 469; de 31 de mayo de 1890, 87 Jurisprudencia Civil, 714, y de 8 de febrero de 1899, 86 Jurisprudencia Civil, 213.

En cuanto al convenio, diremos que las palabras empleadas en la demanda no son en manera alguna suficientes para determinar un título a favor del demandante. El que el propietario de los solares en que están ubicadas las casas del demandante y del demandado, estuviera conforme en que el demandante construyera su casa a dos metros o más de distancia de la línea divisoria de ambos solares y en que abriera en la pared ventanas con vistas rectas, no puede implicar en manera alguna que el dicho propietario conviniera en imponer a su otro solar una servidumbre de luces y vistas en favor de la casa del demandante.

Procedamos ahora a examinar la demanda en lo que se refiere a la segunda acción ejercitada, o sea a la *negatoria de servidumbre.*

Dicha acción, dice Escriche, "es la que tiene a su favor el que niega deber su heredad o posesión servidumbre a otra, y pide la declare el juez libre, y que condene al reo a que desista del uso de la servidumbre; prestando caución de no molestar al actor en adelante, y debiendo resarcir los daños causados. Esta acción pertenece a la clase de las acciones reales, e incumbe probar la servidumbre al demandado, porque toda propiedad se supone libre, mientras no se pruebe la existencia del gravamen; pero no puede ejercitar la acción negatoria mas que el dueño de la finca cuya libertad se pretende." (1 Escriche, 188.)

Si bien en los hechos establecidos en la demanda con respecto a esta causa de acción se alega que la pared del costado Este de la casa del demandado "se halla levantada en la misma línea divisoria que separa a ambos solares, del demandante y del demandado," y en la súplica se pide que se declare "con lugar la acción negatoria de servidumbre, y en su consecuencia, que el solar del demandante se halla libre de

toda servidumbre a favor del solar del demandado," etc., todo lo que parece indicar que el demandante alega que es dueño del solar en donde está su casa, de los demás hechos reproducidos para sostener dicha causa de acción se concluye que el demandante no es dueño del solar, y que el verdadero dueño no sólo del solar en que está la casa del demandante, si que también del solar en que está la casa del demandado, es el Municipio de Río Piedras, que no figura como parte en este pleito, ni como demandante, ni como demandado.

Apareciendo, pues, de la demanda misma, que el demandante no es el dueño de la finca cuya libertad pretende, ni la posee como dueño, es bien claro que no tiene acción para pedir la declaración de tal libertad.

"La acción negatoria de servidumbre únicamente puede ser ejercitada por el dueño de la finca cuya libertad se pretende o por el que posea esta finca como suya." (Sentencias del Tribunal Supremo de España de 24 de enero de 1867; 15 Jurisprudencia Civil, 63, y de 19 de marzo de 1872; 25 Jurisprudencia Civil, 363.)

Falta sólo examinar la última de las tres acciones ejercitadas, o sea la de *daños* y *perjuicios.*

Tampoco aduce la demanda hechos suficientes para determinarla, ya que, basándose dicha acción enteramente en la existencia de las dos primeras, no exponiéndose en la demanda hechos suficientes para fundamentar dichas dos primeras acciones, es necesario concluir que tampoco se exponen para fundamentar la última.

En tal virtud el recurso interpuesto debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey