DÍAZ, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., DEMANDADOS
Y APELANTES.

No. 3068.—*Visto:* Noviembre 27, 1923.  *Resuelto:* Julio 12, 1924.

SERVIDUMBRE DE LUCES Y VISTAS—ACCIÓN NEGATORIA DE SERVIDUMBRE ENTA-
BLADA POR EL USUFRUCTUARIO DEL SOLAR—CAUSA DE ACCIÓN.—El usufruc-
tuario de un solar del municipio y dueño de la casa en el mismo enclavada
tiene derecho a establecer la acción negatoria de servidumbre siempre que
el municipio sea incluído como parte demandante o demandada.

SENTENCIA de *Pablo Berga,* J. (Humacao), en una acción sobre de-
molición de obra y negatoria de servidumbre, declarando con lu-
gar la demanda, sin costas.  *Confirmada.*

*J. C. Rivera,* abogado de los apelantes; *F. González Fagundo,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En este caso establece apelación el demandado Rivera contra la sentencia que le ordena proceder a cerrar ciertas ventanas y destruir la escalera construída a una distancia menor de la prescrita, de la propiedad del demandante, e insiste en que la corte inferior incurrió en los siguientes errores:

(1) Al declarar sin lugar la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción a favor del demandante;

(2) Al desestimar la defensa de estoppel aducida por los demandados;

(3) Al apreciar en su totalidad las pruebas practicadas en el juicio por ambas partes, y los procedimientos puestos en práctica, en el sentido de que la preponderancia de las mismas estuvo de parte del demandante, con ese motivo la corte inferior demostró parcialidad o prejuicio contra los demandados;

(4) Al no tomar en consideración las costumbres locales establecidas en Gurabo, explicando el alcance y significación de la ordenanza en cuestión.

La proposición como fué sometida en el primer señalamiento está subdividida en esta forma:

"(*a*) Que el ejercicio de la acción negatoria de servidumbre compete única y exclusivamente al dueño de la heredad, finca o fundo cuya libertad se pretende;

"(*b*) Que no puede hacerse parte demandada a un municipio en un caso de esta naturaleza, sin antes solicitar del mismo que se una al demandante o lo que es igual, sin alegar y probar que dicho municipio se negó a figurar como parte demandante también;

"(*c*) Que interpretar la ordenanza en cuestión en el sentido que lo hizo la corte inferior, sería declarar tácitamente que dicha ordenanza es anticonstitucional, por cuanto priva a un ciudadano del

libre goce y disfrute de sus derechos de propiedad sin el debido proceso de ley.''

El párrafo segundo implica más bien una indebida acumulación de partes demandadas, de lo cual el municipio no se queja, que una falta de hechos suficientes para constituir una causa de acción. El tercero, si fué considerado de algún modo por la corte inferior o siquiera promovido por excepción previa, no está sostenido en el alegato por ninguna cita de autoridades o argumento que merezca seria consideración.

El primero está sustancialmente resuelto por la corte sentenciadora y algo más terminantemente que al desestimarse la excepción previa, al resolverse el caso por sus méritos de este modo:

''Sentados estos hechos, y teniendo en cuenta la contestación a la demanda, sólo hay que estudiar y resolver dos cuestiones, a saber:

''¿Puede el demandante establecer su acción negatoria de servidumbre, sin ser dueño del solar, incluyendo como demandado al Municipio de Gurabo, dueño del mismo?

''¿Puede el demandado, construir la escalera de su casa ocupando parte del callejón que debe existir entre ambas casas?

''En cuanto al primer punto estamos por la afirmativa, y fundamos esta conclusión en la jurisprudencia establecida por la corte Suprema de Puerto Rico en el caso de Díaz v. Guerra, 18 D. P. R. 819. En aquel caso se sostiene que no siendo el demandante dueño del solar en que estaba enclavada la casa y sí el Municipio de Río Piedras, que no figuraba en el pleito, ni como demandante ni como demandado, el demandante no tenía acción para ejercitar la acción negatoria de servidumbre. Es decir que la corte suprema sostuvo que en una acción de esta naturaleza, debía ser demandante o demandado, el Municipio dueño del terreno, pero esta sentencia nunca podría interpretarse en el sentido que quiere hacerlo el demandado, o sea, que como el demandante no es dueño del solar y el Municipio se calla, puede establecer una servidumbre de luces y vistas, que sólo perjudica al usufructuario del solar dueño de la casa. Esto se prestaría a combinaciones para perjudicar a una persona, lo cual no está permitido por nuestras leyes. El que tenga la propiedad de una finca, cuyo usufructo pertenezca a otro, podrá imponer sobre ella, sin el consentimiento del usufructuario, las servidumbres

que no perjudiquen al derecho del usufructo, pero en este caso no podría hacerlo, pues se trata de una servidumbre de luces y vistas que vendría sólo a perjudicar la casa y no el solar.  A nuestro juicio, es claro que el usufructuario del solar y dueño de la casa tiene derecho a establecer la acción negatoria de servidumbre, siempre que el dueño del solar sea incluido como demandante o demandado y en este caso concreto, fué incluido como demandado, sin duda porque los representantes del Municipio no actuaron sobre las quejas del demandante, y su silencio implicaba una acquiescencia a los actos del demandado Gregorio A. Rivera.

"Pero ahondando más en esta cuestión, la corte entiende que la teoría sustentada por la corte suprema de Puerto Rico, no ha sido sostenida en posteriores decisiones y puede decirse que ha sido modificada.  Véanse los casos de Sociedad Agrícola de Gurabo v. Hernández et al., 19 D. P. R. 817 y Rabell v. Rodríguez, et al., 24 D. P. R. 566.  Aquí no hay discusión alguna sobre si el demandado tiene derecho a la servidumbre de luces y vistas, pues no lo ha alegado.  Es un hecho cierto y probado, que dada la distancia que hay entre la pared de la casa del demandado y la línea divisoria de ambas propiedades, el demandado Gregorio A. Rivera no tiene derecho a la servidumbre de luces y vistas por él establecida, pues no existe la distancia de dos metros que exige el artículo 589 del Código Civil.

"En el caso antes citado y en el de García v. García, 25 D. P. R. 137, 141, se sostiene por la Corte Suprema la siguiente doctrina:

" 'No se trata de huecos o ventanas de treinta centímetros en cuadro, abiertos a la altura de las carreras. . El demandado ha hecho más: tiene abiertas en una pared contigua puertas y ventanas con vistas rectas que sólo tendría derecho a abrir de acuerdo con la ley.  Artículo 589 citado, si la pared de su casa estuviera edificada a dos metros de la colindancia de su solar con el solar del demandante.' "

&#42;          &#42;          &#42;          &#42;          &#42;          &#42;          &#42;

" 'La existencia de los antiguos interdictos y el hecho de que el antecesor del demandante no recurriera al de obra nueva para hacer valer sus derechos dentro del plazo fijado por la ley. ¿Pueden influir en la decisión de este caso?  En modo alguno.' "

"En cuanto al segundo punto, la defensa de 'Estoppel' no está sostenida por la prueba.  No puede existir relación alguna entre este caso y el de Rabell v. Rodríguez et al., antes citado.  En el presente, el demandante protestó inmediatamente que comenzó la construcción de la escalera y cuando las autoridades municipales no tomaron ac-

ción alguna, entonces presentó su demanda ante esta corte de distrito, pidiendo la demolición de la escalera.

"Es de advertir que la casa se construyó y cuando estaba terminada, entonces se trató de hacer la escalera entre el callejón de ambas propiedades, ocupando la mitad de éste. Interpretando la ordenanza municipal vigente en el Municipio de Gurabo que determina 'que entre una casa de madera y otra de concreto, debe existir un espacio de dos metros divididos en dos partes iguales, correspondiente un metro a la servidumbre de la casa contigua,' no cabe llegar a la conclusión, de que uno de los vecinos ocupe parte del callejón con una construcción, pues no es ése el espíritu ni la letra de la ordenanza. Y tan es así, que en el caso de la Sociedad Agrícola de Gurabo v. Hernández et al., 19 D. P. R. 821, se sostuvo que Hernández no podía ocupar parte del callejón que debía existir entre las dos casas porque infringía una ordenanza municipal y causaba perjuicios a la demandante, la que si luego quisiera construir la casa de nuevo, tendría forzosamente que dejar libre el espacio de dos metros que debe existir entre las casas de maderas.

"La costumbre se invoca como ley por el demandado, pero cuando hay una ley clara y terminante, no se puede aplicar el derecho consuetudinario, que sólo existe a falta de ley escrita.

"Las infracciones de la ordenanza que se hayan realizado en Gurabo y sobre las cuales no se haya establecido acción alguna, no crean un estado de derecho que puede abolir el que tiene Manuel Díaz Marxuach de acuerdo con la ordenanza vigente."

Aparte de la cuestión de modificación de la anterior regla de esta corte en decisiones posteriores, cuestión que no es necesario resolver o discutir ahora, no encontramos en la precedente cita, que trata tanto del cuarto, como del primer señalamiento, ningún error tan manifiesto que requiera la revocación de la sentencia.

El segundo señalamiento pudo haber prevalecido si el demandado al tener lugar el examen de repreguntas de los dos testigos principales del demandante no hubiera establecido un hecho que no salió a relucir en el interrogatorio directo, o sea que se hizo la oportuna protesta no solamente a las autoridades municipales sino también al demandado Rivera personalmente.

Un examen cuidadoso del récord taquigráfico no revela

semejante error manifiesto en la apreciación de la prueba que justifique a esta corte en modificar la sentencia apelada, *la que debe confirmarse.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.