LA IGLESIA CATÓLICA, APOSTÓLICA ROMANA DE PUERTO RICO, demandante y apelada, *v.* LA COMBATE TOBACCO CORPORATION, demandada y apelante.

No. 4868.—*Sometido:* Febrero 4, 1930. *Resuelto:* Junio 5, 1931.

J. *Martínez Dávila* y *De La Torre & Ramírez,* abogados de la apelante; *Monserrat & Monserrat,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La Combate Tobacco Corporation apela de un decreto ordenando la remoción de una obstrucción que de permitirse que subsistiera, privaría a la demandante de una servidumbre de luces y vistas.

La corte de distrito resolvió que la servidumbre en cuestión, que envolvía el uso de ciertas ventanas en una iglesia, era una servidumbre aparente. Se señala esto como error.

Las ventanas estaban en una pared construída en terreno perteneciente a la demandante. La demandada era dueña de un edificio de un piso en un solar contiguo. La obstrucción era un segundo piso construído por la demandada. La servidumbre era negativa. La apelante insiste en que no era aparente. En apoyo de este criterio cita decisiones de la Corte Suprema de España de febrero 8, 1899, junio 16, 1902, febrero 9, 1907 y enero 8, 1908; 4 Manresa 579, 580; y 1 Morell, Legislación Hipotecaria, 341, 342.

Los artículos 544 a 547, inclusive, del Código Civil rezan así:

"Artículo 544. Las servidumbres continuas y aparentes se adquieren en virtud de título, o por la prescripción de veinte años.

"Artículo 545. Para adquirir por prescripción las servidumbres a que se refiere el artículo anterior, el tiempo de la posesión se contará: en las positivas, desde el día en que el dueño del predio dominante, o el que haya aprovechado la servidumbre, hubiere empezado a ejercerla sobre el predio sirviente; y en las negativas, desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre.

"Artículo 546. Las servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, sólo podrán adquirirse en virtud .de título.

"Artículo 547. La falta de título constitutivo de las servidumbres que no pueden adquirirse por prescripción, únicamente se puede suplir por la escritura de reconocimiento del dueño del predio sirviente, o por una sentencia firme."

Las servidumbres negativas por razón de cierto aspecto positivo pueden ser aparentes al observador más casual de un predio dominante. 4 Manresa 578, 579. Las servidumbres de luces y vistas son un ejemplo conspicuo, y los redactores del Código Civil debieron haberlas tenido en mente al escribir el artículo 545. El artículo 544 trata exclusivamente de servidumbres continuas y aparentes. El 545 especifica la forma en que tales servidumbres pueden ser adquiridas por prescripción. Por disposición taxativa del mismo artículo, en caso de servidumbres negativas el tiempo se contará "desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre." Las servidumbres negativas aquí mencionadas son aquéllas que también son aparentes, porque el alcance del artículo 545 está limitado por la primera cláusula del mismo a "las servidumbres a que se refiere el artículo anterior," a saber, "las servidumbres continuas y aparentes," y ya que por disposi-

ción expresa del artículo 546 "las servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, sólo podrán adquirirse en virtud de título."

Un aviso dado por un alegado dueño de una servidumbre de luces y vistas es un ejemplo típico de esa clase de casos en que la realización de un acto por el dueño del predio sirviente está o puede estar prohibida. Quizá puedan darse otros ejemplos, pero ninguno ha sido sugerido en el caso de autos. Por otra parte, la Corte Suprema de España ha declarado repetidas veces que el título de una servidumbre de luces y vistas puede ser adquirido por prescripción, y este tribunal ha sostenido el mismo criterio. *Díaz* v. *Guerra,* 18 D.P.R. 819, y casos en él citados.

La conclusión obvia es que las servidumbres de luces y vistas pueden ser, y usualmente son, aparentes.

■■■ Las contenciones segunda, tercera y cuarta de la apelante son, que la corte de distrito erró: al declarar que una servidumbre de luces y vistas negativa, continua y no aparente podía adquirirse por prescripción; al estimar que un interdicto es una sentencia definitiva y obligatoria contra un tercero, aunque no esté inscrito en el registro de la propiedad; y al resolver que la demandante tenía derecho a una servidumbre de luces y vistas.

Aquí la apelante no quiere decir que la corte de distrito consideró la servidumbre como no aparente, sino que asume que la corte cometió error al tratarla como una servidumbre aparente.

La corte de distrito no resolvió que un interdicto es una sentencia definitiva y obligatoria contra tercero, aunque no esté inscrito en el registro de la propiedad. El aludido interdicto era un decreto dictado por la Real Audiencia de Puerto Rico en marzo de 1897 prohibiendo que se erigiera un segundo piso por un tal Tarazona, causante de la aquí demandada. Lo que la corte de distrito resolvió fué que este decreto servía para fijar la fecha desde la cual podía empezarse a contar el tiempo necesario para adquirir un título por

prescripción. En esto no hubo error. Ese período feneció en marzo de 1927, y una servidumbre de luces, aire y vistas quedó así establecida sobre la finca de que ahora es dueña la Combate Tobacco Corporation.

La pared de la iglesia tenía algo más de doce metros de altura y poco menos de dos metros de espesor. A una altura de ocho metros del piso había una hilera de cinco ventanas, a intervalos de tres metros más o menos. Cada ventana tenía más de metro y medio tanto de alto como de ancho. No había carreras inmediatamente sobre las ventanas. Una cúpula se erguía por sobre las paredes de la iglesia. No había rejas de hierro ni red de alambre que sugirieran un sustituto ampliado de los huecos de treinta centímetros previstos por el artículo 588 del código. Estas ventanas habían sido usadas por más de cuarenta años con pleno conocimiento y sin objeción u oposición de parte de la demandada o sus causantes. Cuando la demandada compró la propiedad contigua, sabía que podía adquirirse mediante prescripción una servidumbre de luces, aire y vistas. También sabía que estas ventanas no eran los huecos reglamentarios autorizados por el artículo 588. Las ventanas mismas constituían un aviso de que no se debía descansar en ninguna presunción de mera tolerancia. Bastaban para poner a indagar a cualquier comprador en perspectiva, y una investigación hubiese informado a la Combate Tobacco Corporation (de no haber sido ya informada, como cuestión de hecho, por su vendedor) de la existencia de una servidumbre. La compañía tabacalera no era un comprador inocente, ni tenía derecho a ser protegida como ''tercero'' por la ley hipotecaria, no obstante el hecho de que el título de la demandante a la servidumbre no había sido inscrito en el registro de la propiedad.

Dado el estado de la ley relativa a servidumbres, *la sentencia apelada debe ser modificada eliminándosele la condena en costas, y así modificada, se confirma.*

El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.