AMÉRICA DÍAZ ESCRIBANO, demandante y apelada, *v.* MANUEL PÉREZ ALMELA y RAIMUNDO FAURA, demandados y apelantes.

Núm. 7832.—*Sometido:* Mayo 12, 1939. *Resuelto:* Mayo 10, 1940.

*Julio Reguero,* abogado de los apelantes; *F. R. Aponte,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Estamos ante un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de Humacao, en un procedimiento de *injunction* para retener la posesión. América Díaz Escribano, la aquí demandante, y Manuel Pérez Almela, el demandado, son dueños de casas enclavadas en solares contiguos en la ciudad de Caguas, P. R. La casa de la demandante ocupa hasta la línea divisoria del solar, de suerte que su pared del lado Oeste está en la colindancia del mismo. En la planta inferior existen tres ventanas que

abren hacia el solar del demandado Pérez. Los dueños han usado estas ventanas por espacio de más de veinte años. En octubre 29, 1937, el demandado hizo que su empleado Raimundo Faura construyera una verja alta en todo el lado Oeste de la casa de la demandante (y en la línea del solar). Ésta obstruía las ventanas de la casa de la demandante. Dicha pared o palizada fué más tarde, a instancias de la demandante, removida o destruída parcialmente.

La demandante radicó petición de *injunction*, alegó que había estado en posesión de una servidumbre de luces y vistas por espacio de más de un año inmediatamente anterior a la radicación de la demanda, que se le había perturbado en su posesión, y solicitó que se prohibiera al demandado Pérez Almela y a su empleado Raimundo Faura de perturbar a la demandante, suplicando a la corte les prohibiera construir cualquier palizada o estructura que la privara de su derecho a utilizar las ventanas. En otra parte de la demanda se hacía referencia nuevamente a una servidumbre.

Luego de celebrarse el juicio, la corte dictó sentencia a favor de la demandante y resolvió, podríamos decir, que ésta había estado en posesión de ciertas ventanas que daban luces y vistas y tenía derecho a ser protegida en su posesión. Se ordenó a los demandados se abstuvieran de realizar cualquier acto que pudiera perturbar a la demandante en el disfrute de sus ventanas.

Los demandados apelaron y señalan tres errores:

"1.—La Corte de Distrito de Humacao erró al resolver que la demandante tenía el derecho de conservar abiertas las tres ventanas del lado Oeste de su casa y el extremo Oeste del balcón de la misma, en colindancia con la finca del demandado Pérez Almela, y que éste no podía cubrir dichos huecos levantando una pared en su finca sin antes entablar una acción judicial ordinaria negatoria de servidumbre contra la demandante.

"2.—La Corte de Distrito de Humacao erró al resolver que la demandante tenía derecho a ser protegida en el uso de sus ventanas y balcón, contra los actos de perturbación de los demandados, después que ella violentamente se reintegró en el disfrute de dichos huecos.

"3.—La Corte de Distrito de Humacao erró al condenar a los demandados al pago de las costas y de $150 de honorarios de abogado de la demandante."

Los apelantes sostienen que la demandante no probó el derecho a la servidumbre; que el mero hecho de abrir ventanas en una pared contigua no medianera no crea una servidumbre, citando el caso de *García* v. *García,* 25 D.P.R. 128; que el tiempo de posesión requerido para adquirir una servidumbre es de veinte años, bajo ciertas circunstancias especiales, citando el caso de *Díaz* v. *Guerra,* 18 D.P.R. 819. Los apelantes además sostienen que las ventanas medían más de 30 centímetros en cuadro y no estaban construídas a la altura de las carreras; y que ellas eran mayores del tamaño permitido por la ley (Código Civil, artículo 517); que aunque hubieran sido del tamaño permitido por la ley, los demandados tendrían el derecho a construir su pared sin tomar en consideración las ventanas.

Además los apelantes sostienen que nadie tiene derecho a abrir ventanas a menos que exista una distancia de dos metros entre la pared en que éstas están construídas y la propiedad contigua, cuestión que ya hemos discutido en varios casos; que las ventanas construídas en una pared contigua no medianera existen por mera tolerancia y que el vecino puede construir libremente al lado; y cita Sentencias del Tribunal Supremo de España de junio 13, 1877 (37 J. C. 188); de mayo 13, 1882 (49 J. C. 172); Laurent, Principios de Derecho Civil, Edición Española 1912, Tomo 8, pág. 65; y Enciclopedia Jurídica Española, tomo 28, pág. 699; que en su consecuencia la demandante no tiene causa de acción porque los demandados meramente ejercitaban los derechos que la ley les concede al tratar de construir una empalizada sobre su propio solar. Los apelantes presentaron otros argumentos relativos a la forma en que se inició el litigio y sobre lo que la demandante había tratado de hacer.

La corte inferior, luego de oír las declaraciones de los testigos y de hacer una inspección ocular, dictó la siguiente opinión y sentencia:

"Considerando que, al recurrir a este procedimiento especial, el propósito de la demandante es obtener el amparo judicial para mantenerse en el uso de ciertas ventanas de su propiedad, descritas en la demanda, como medio para derivar luces y vistas del fundo contiguo perteneciente al demandado, sin que éste pueda perturbarla, hasta que otra cosa se resuelva, en la correspondiente acción, en el uso de tal derecho, poseído por la demandante durante más de veinte años con anterioridad a la fecha en que se interpuso la demanda con que se inició esta acción, y especialmente durante el último año con anterioridad a la misma, motivando su recurrencia judicial la perturbación de que en tal uso fué objeto como consecuencia de los actos del demandado alegados en dicha demanda; considerando que, independientemente del derecho de la demandante a establecer una acción ordinaria sobre declaratoria o reconocimiento de servidumbre de luces y vistas, así como del derecho del demandado para establecer otra sobre negatoria de servidumbre, ambas con relación a los fundos que respectivamente alegan y reconocen pertenecerles, el referido uso de su propiedad por la demandante es materia claramente susceptible de protección legal por medio del interdicto previsto para casos de tal naturaleza; considerando que la existencia o inexistencia de una servidumbre a favor o en contra de la demandante, sobre la finca del demandado a que se refiere la demanda, como predio sirviente, a favor de la suya como predio dominante, no es materia para ser dirimida en esta acción especial en la que sólo se ventila únicamente el hecho posesorio, o cuasi posesorio si se quiere, sin que lo resuelto en este procedimiento obste para que las partes recurran a la correspondiente acción ordinaria en sostenimiento de sus respectivas posiciones con relación a la contienda dominical que parece existir entre ambas; resultando de la prueba que las alegaciones fundamentales de la demanda han quedado satisfactoriamente probadas y que la demandante tiene derecho a lo solicitado en la misma, se declara con lugar esta demanda y al efecto se dicta sentencia ordenándose a los demandados Manuel Pérez Almela y Raimundo Faura, que, mientras otra cosa se resuelva, ni separada ni conjuntamente, ni por sí ni por cualquier empleado, agente o persona bajo su autoridad, realicen acto alguno tendiente a inquietar o a perturbar a la demandante en la posesión y disfrute de las ventanas colocadas en la pared Oeste de la casa descrita en su demanda, así como que procedan a construir de nuevo a su cargo, el

alero o pestaña que desapareció de las ventanas de referencia con motivo de las obras realizadas en su fundo por el demandado Manuel Pérez Almela, imponiéndose a los demandados las costas en la acción incluyendo éstas una suma de $150 que se estima razonable para pagar los honorarios de abogado de la demandante.''

La apelada descansó en su posesión por más de un año de una casa con ventanas abiertas, y señala los casos de *Fernández* v. *González*, 41 D.P.R. 726 y *Fajardo Sugar Growers* v. *Central Pasto Viejo*, 41 D.P.R. 825. Estos casos, en los que el suscribiente disintió, afectaban solamente la supuesta posesión de una servidumbre, a distinción del derecho en sí.

Aquí, sin embargo, conforme los apelantes insisten, con citas apropiadas, supra, el demandado principal, Pérez, estaba ejercitando un derecho sobre su propio terreno. La ley y las autoridades son claras al efecto de que de ordinario el apelante tenía derecho a levantar un muro hasta el límite de su solar.

Manresa dice (Manresa, Comentarios al Código Civil, 5a. ed., tomo 4, pág. 706, párr. 3):

''La apertura de los huecos para las luces no establece servidumbre a favor de quien la abre, pues son de mera tolerancia, y el propietario del fundo contiguo puede cerrarlos si adquiere la medianería (salvo pacto en contrario) y cubrirlos si edifica pared contigua.

''Para adquirir verdadera servidumbre de luces será necesario ganar esos huecos por prescripción, y como la servidumbre en pared propia se reputa negativa (sentencias de 27 de mayo de 1896 y 9 de febrero de 1907), el tiempo necesario para esa prescripción se ha de contar, no desde la apertura del hueco, sino desde que hubo acto obstativo, siendo este requisito necesario para la adquisición de la servidumbre. ¿Por qué hasta el momento del acto obstativo no comienza a contarse el tiempo? Porque, como dice Castrillo, el acto obstativo constituye la causa eficiente del nacimiento de la posesión de la servidumbre, y sin el acto obstativo la servidumbre no nace, y no naciendo no se puede poseer, y si no se posee ese derecho, porque no ha tenido lugar su nacimiento, sería absurdo condenar al colindante por haber realizado el despojo de la posesión de un derecho que no ha nacido. La existencia del hueco, pues, en la hipótesis es-

tudiada, no puede implicar 'per se' posesión del derecho de servidumbre, debiendo entenderse (salvo prueba en contrario) que el aprovechamiento de las luces y la utilidad de las vistas, son de mera tolerancia.

"Esta doctrina es la formulada constantemente por la jurisprudencia del Tribunal Supremo de una manera repetida. Dice ésta, en sentencia de 31 de mayo de 1892 (confirmatoria de las de 6 de marzo de 1875, 13 de junio de 1877, 13 de mayo de 1882, 10 de mayo de 1884 y 12 de noviembre de 1889), que los huecos abiertos en la pared propia, en correspondencia con suelo y cielo ajenos, son de mera tolerancia, salvo pacto en contrario, y no pueden ganarse por prescripción, sino computando ésta desde la ejecución de algún acto obstativo que tienda a privar al dueño de la finca a que afecte, de la facultad de edificar sobre la misma."

La demandante, además, no podía descansar en una servidumbre con ventanas abiertas en contravención de la ley. (Artículo 517, Código Civil (1930).)

Scaevola dice (Scaevola, Código Civil, Tomo 10, pág. 477):

"Sección Quinta. De la servidumbre de luces y vistas,

"  *         *         *         *         *         *         *

"La sección contiene preceptos de naturaleza distinta; unos son afirmativos de la servidumbre de luces y de la de vistas, otros no implican ésta. El código regula en esta sección el derecho de vistas, bien derive del de propiedad, bien traiga su origen de una servidumbre.

"El primer artículo de la sección, el 580, prueba lo acabado de afirmar. Se trata más bien que de una servidumbre de una manifestación del derecho de propiedad común . . .

"Decimos lo mismo del art. 581, aunque a primera vista ocurra pensar lo contrario. Es cierto que al concederse al dueño de una pared no medianera, contigua a finca ajena, el derecho de abrir en ella huecos con las condiciones que en el mencionado artículo se indican, parece establecerse una servidumbre en cuanto se le otorga el derecho de recibir luz del fundo ajeno e inspeccionar éste; pero como a su vez se reconoce al dueño del predio contiguo la facultad de edificar en éste tapiando los huecos, resulta que ambos derechos no son sino manifestaciones recíprocas del derecho de propiedad. En puridad, no puede decirse que hay servidumbre cuando una persona usa libremente de su cosa sin adquirir o sin restringir un uso de otra.

"El propietario del edificio, al abrir los huecos determinados en el art. 581, no hace sino usar libremente de su propiedad, y lo mismo el del terreno lindante construyendo al lado del edificio de los huecos. La servidumbre supone algo que se prolonga material o idealmente sobre el fundo ajeno, cuando no hay esta expansión jurídica, cuando el propietario se mantiene dentro de su cosa, los derechos que ejercite sobre ella los ejerce por derecho de propiedad."

Al mismo fin dice Manresa:

"El art. 581, declara la sentencia de 3 de marzo de 1905, no regulariza en realidad la servidumbre de luces, sino que concede un derecho al dueño de una pared no medianera contigua a finca ajena, derecho no permanente, y cuya eventualidad se patentiza por la facultad que al propietario del terreno contiguo se otorga para edificar en el mismo sin trabas ni restricciones. Por esto, no puede ser ese artículo aplicable a una servidumbre de luces, con mayor razón si ésta existía con anterioridad al Código, y las circunstancias y dimensiones de los huecos por donde ha de recibirse la luz, deben ajustarse a las costumbres de la localidad (cuando no existe la ley aplicable ni pacto alguno) y no al precepto de aquel artículo.

"Los huecos abiertos en pared propia, dice la sentencia de 19 de enero de 1909, no arguyen servidumbre sobre otra finca, ni pueden subsistir si sus dimensiones exceden de 30 centímetros en cuadro, límite fijado en el art. 581." (Manresa, Código Civil, Tomo IV, pág. 707, párrs. 2 y 3.

Véanse también Manresa, op. cit., Tomo IV, págs. 701 et seq.; Scaevola, op. cit., Tomo X, págs. 477, 504; Sánchez Román, Código Civil Español, 2a. ed., Tomo III, pág. 635.

En todo caso, dados los derechos de Pérez, el remedio de la demandante, si alguno tenía, hubiera sido traer una acción confesoria de servidumbre, o algún otro pleito ordinario para establecer tal derecho.

*Debe revocarse la sentencia apelada, declararse sin lugar la demanda y condenarse a la demandante al pago de las costas sin incluir honorarios de abogado.*