AGUSTÍN RÍOS, demandante y apelante, *v.* JULIÁN MERCADO, demandado y apelado.

Núm. 10639.—*Sometido:* Septiembre 1, 1952.
*Resuelto:* Septiembre 30, 1952.

*Carlos J. Ortiz,* abogado del apelante; *R. A. Arroyo Ríos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Se trata en este caso de una demanda de negatoria de servidumbre de luces y vistas radicada en la Sección de Humacao del antiguo Tribunal de Distrito de Puerto Rico.

Después de haberse radicado la contestación y de haberse celebrado la vista del caso en sus méritos, el tribunal inferior dictó sentencia declarando sin lugar la demanda y formuló las siguientes conclusiones sobre los hechos:

"Que el demandante y el demandado son dueños de dos casas situadas en la calle San Juan de Fajardo, colindando la del demandado por el lado este con la del demandante, que fué construída en la línea divisoria sin dejar espacio alguno entre el solar en que enclava su casa y la casa del demandante.

"Que la casa del demandado tiene abiertas varias ventanas que dan inmediatamente a la casa del demandante y las cuales tienen vistas rectas sobre la finca de éste y tanto la casa del demandante como la del demandado están ubicadas en solar propiedad del Municipio de Fajardo, Puerto Rico.

"Que el demandante Agustín Ríos adquirió la casa descrita por compra que hizo a doña Carmen Medina y su esposo don Octavio Moreira en agosto 22 de 1939 según escritura otorgada ante el Notario Jaime Llavina Aponte, y doña Carmen Medina y su esposo la compraron al Doctor Juan Veve Carrillo y esposa según escritura de 14 de octubre de 1937; y don Juan Veve Carrillo la adquirió según escritura otorgada el 6 de octubre de 1937 por dación en pago hecha por Evaristo Pérez y su esposa y éste la adquirió en el año 1924 por compra de derechos y acciones de la Sucn. Maldonado.

"Que el demandado adquirió la casa descrita en el hecho tercero de la demanda en el año 1912 y reparó la misma en el año 1918 que fué cuando se abrieron los huecos y se fijaron las ventanas, siendo entonces el dueño de la casa del demandante la Sucesión Maldonado.

"Que Evaristo Pérez, casado con doña Flor de María Maldonado, anterior dueño de la casa del demandante, le llamó la atención al demandado por cuatro o cinco ocasiones para que cerrara las ventanas y que la última vez lo fué para junio o julio del año 1924 y éste no las cerró y que siempre la casa del demandado desde antes de adquirir él la casa del demandante ha estado en las mismas condiciones en que se encuentra ahora, habiendo transcurrido más de veinticinco años desde que Evaristo Pérez exigió del demandado que cerrara dichos huecos o ventanas."

En sus conclusiones de derecho el tribunal a quo dijo lo siguiente:

"Que el demandado construyó en la línea divisoria entre el solar donde enclava su casa y la del demandante y abrió ventanas y balcones con vistas rectas sin que hubiera dos metros de distancia entre la pared en que se construyó y la propiedad del demandante.   Art. 518 del Código Civil, ed. 1930.

"Que la servidumbre de vistas y luces que es continua y aparente, se adquiere por la prescripción de veinte años o más. Art. 473 del Código Civil, ed. 1930. *Iglesia Católica* v. *Combate Tobacco Corp.*, 42 D.P.R. 376; *Balzac* v. *Torres,* 68 D.P.R. 983.

"Que la finca del demandado adquirió la servidumbre de luces y vistas desde el año 1924 en junio o·julio, en que el dueño del inmueble del demandante para aquel entonces pidió al demandado que cerrara los huecos y ventanas.   Art. 474 del Código Civil de Puerto Rico."

El demandante ha apelado de dicha sentencia para ante este Tribunal Supremo y ha señalado los siguientes errores, sin que la parte apelada haya radicado alegato alguno:

*"Primer error:* Erró el tribunal inferior al resolver que el demandado había adquirido la servidumbre de luces y vistas por prescripción.

*"Segundo error:* El tribunal inferior cometió manifiesto error al declarar que el solar donde radica la casa del demandante era propiedad del Municipio de Fajardo y que por lo tanto existía un defecto o indebida acumulación de partes en el caso."

El tribunal de Humacao ya mencionado formuló su decisión declarando sin lugar la demanda sobre la base de que el demandado había establecido con su prueba que su propiedad disfrutaba de una servidumbre de luces y vistas adquirida en virtud de prescripción surgida por el transcurso de veinte años.

El tribunal a quo resolvió que el solar donde enclava la casa que es propiedad del demandante pertenece al Municipio de Fajardo.   Esa conclusión de hecho ha sido impugnada por el demandante-apelante.   En cuanto a este extremo, el

tribunal inferior, en la vista de este caso, admitió en evidencia la escritura núm. 55 otorgada en Fajardo el 27 de octubre de 1950 ante el notario Gerardo Méndez, Jr., en la cual el Municipio de Fajardo expresa que le vende al demandante el solar donde se dice el demandante tiene construída su casa. Sin embargo, la descripción de ese solar tal como aparece de la ya mencionada escritura es distinta a la descripción del solar contenida en la demanda que había sido radicada. De la prueba presentada se desprende que el Registrador de la Propiedad de Humacao informó al demandante que no podía inscribir esa escritura porque la descripción del solar no coincidía con la descripción de la misma alegada propiedad que surge de las constancias del Registro. El demandado, posteriormente, presentó en evidencia y fué admitida una certificación del Registrador de la Propiedad de Humacao en cuanto a la casa del demandante y el solar donde está ubicada esa casa y de esa certificación surge que el tantas veces mencionado solar es propiedad del Municipio de Fajardo. Posteriormente, el demandante trató de presentar en evidencia una "Acta Aclaratoria" con el fin de aclarar la descripción de ese solar pero el propio demandante luego desistió de presentar en evidencia tal documento.

De la certificación del Registrador de la Propiedad de Humacao aparece que el solar en cuestión es propiedad del Municipio de Fajardo y la escritura núm. 55 de 27 de octubre de 1950, en virtud de la cual el Municipio de Fajardo vende un solar al demandante, aunque fué admitida por el tribunal a quo, sin embargo, no es suficiente para variar la conclusión de que el solar donde radica la casa del demandante pertenece al Municipio de Fajardo, ya que, según hemos indicado, la descripción del solar contenida en dicha escritura es distinta a la descripción del solar donde está construída la propiedad del demandante, según aparece del Registro de la Propiedad de Humacao, y es distinta a la descripción expresada en la demanda que coincide con la que surge del Registro de la Propiedad.

El apelante impugna la conclusión a que llegó el tribunal inferior en cuanto a que dicho solar era propiedad del Municipio de Fajardo, alegando que algunos testigos que declararon en este caso expusieron que las colindancias del solar son idénticas a las que aparecen en la escritura núm. 55 y alega el apelante que de la prueba surge que el demandante tenía una sola propiedad en toda la calle de Fajardo donde están ambas casas. Esa prueba no es suficiente para demostrar que fué errónea la conclusión del tribunal a quo.

De todos modos, el propio demandante alegó en su demanda, y admitió oralmente en la vista del caso, que el solar donde radica la casa del demandado es propiedad del Municipio de Fajardo. Bajo esas circunstancias, y habiéndose probado en este caso que el Municipio de Fajardo es el dueño de ambos solares donde están las casas de ambas partes, dicho municipio era y es una parte indispensable como demandante en este caso. Estando envuelto en el caso de autos el probable establecimiento judicial de una servidumbre, o el probable dictamen de que no existe servidumbre alguna, el dueño del solar en el predio dominante o del solar en el predio sirviente, es una parte indispensable en este litigio, ya que, aunque la servidumbre afecta directamente a las casas ubicadas sobre los solares, sin embargo, esa servidumbre, o la ausencia de ella, afecta también a los solares envueltos. Precisamente ya este Tribunal ha resuelto en los casos de *Díaz* v. *Guerra*, 18 D.P.R. 819 y *Díaz* v. *Rivera*, 33 D.P.R. 552, que el dueño de una casa construída en un solar de un municipio, el cual no se ha hecho parte en el pleito, no tiene derecho a ejercitar la acción negatoria de servidumbre de luces y vistas, en vista de que la acción negatoria de servidumbre únicamente puede ser ejercitada por el dueño de la finca cuya libertad se pretende o por el que posee esa finca como suya. Una parte indispensable es aquélla cuya presencia es requerida para que la corte pueda hacer una adjudicación definitiva en cuanto a todas las personas envueltas, y es aquélla que tiene un interés en el litigio de tal naturaleza

que no pueda dictarse una sentencia sin afectar ese interés o sin dejar la controversia en tales condiciones que su terminación, sin la presencia de esa parte, es inconsistente con la equidad y con una conciencia limpia. *Pueblo* v. *Henneman*, 61 D.P.R. 189; 2 Moore's *Federal Practice* 2144, 2150; 29 Cal. L. Rev. 731, 737.(1)

De acuerdo con el artículo 532 de nuestro Código Civil, cuando perteneca a una persona el dominio directo de una finca y a otra el dominio útil, no podrá establecerse sobre ella servidumbre voluntaria perpetua, sin el consentimiento de ambos dueños. Considerando ese articulado y los casos de *Díaz* v. *Guerra* y *Díaz* v. *Rivera*, supra, el Municipio de Fajardo debe ser incluído como parte demandante o como uno de los demandados en caso de que dicho Municipio se niegue a ser incluído como parte demandante.

■■ El hecho en sí de que una parte indispensable, como el Municipio de Fajardo en este caso, haya sido omitida, debería impedir cualquier consideración adicional de los méritos del caso por este Tribunal y estaría justificada la devolución del mismo al tribunal inferior a los fines de que se una como parte al Municipio de Fajardo. Sin embargo, en bien de la justicia y para poder suministrar una orientación adecuada a las partes y al tribunal inferior en cuanto a procedimientos posteriores que puedan seguirse en este caso, debemos señalar que es erróneo el fundamento que le sirvió de base al tribunal a quo para declarar la demanda sin lugar. Resolvió el tribunal de Humacao que el demandado disfruta de una servidumbre de luces y vistas por haberla adquirido por prescripción, ya que desde el año 1924 el dueño del predio del demandante para aquel entonces pidió al demandado que cerrase los huecos y ventanas que había en su casa, habiendo transcurrido más de veinte años desde esa fecha.

---

(1) Ya la Corte Suprema de los Estados Unidos ha resuelto en el caso de *Peper* v. *Fordyce*, 119 U. S. 469, que una persona que tenga el mero título legal de un fideicomiso es una parte indispensable.

Bajo el artículo 473 de nuestro Código Civil la servidumbre continua y aparente es adquirida en virtud de título, (²) o por la prescripción de veinte años. La servidumbre de luces y vistas es continua y aparente y puede ser adquirida por prescripción de veinte años. *Balzac* v. *Torres*, 68 D.P.R. 983; *Ramos* v. *Viejo*, 66 D.P.R. 642; *Iglesia Católica, Etc.* v. *Combate Tobacco Corp.*, 42 D.P.R. 376; *Díaz* v. *Guerra*, supra; 4 Manresa, Comentarios al Código Civil Español, 6ta. ed., pág. 672.

El artículo 474 de nuestro Código Civil dispone lo siguiente:

"Para adquirir por prescripción las servidumbres a que se refiere el artículo anterior, el tiempo de la posesión se contará: en las positivas, desde el día en que el dueño del predio dominante, o el que haya aprovechado la servidumbre, hubiere empezado a ejercerla sobre el predio sirviente; y en las negativas, desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre."

Siendo negativa en este caso la servidumbre de luces y vistas en pared propia, el tiempo requerido de veinte años de posesión se cuenta desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución del hecho que sería lícito sin la servidumbre, debiendo manifestarse en ese día el acto obstativo del dueño del predio dominante. *Balzac* v. *Torres*, supra; *Ramos* v. *Viejo*, supra; *Díaz* v. *Pérez*, 56 D.P.R. 727; *Polanco* v. *Ruiz*, 55 D.P.R. 785; *Iglesia Católica, Etc.* v. *Combate Tobacco Corp.*, supra; 110 Jur. Civil 56; *Cortés* v. *Yu-Tibo*, 2 Jur. Filipina 25; *Fabie* v. *Lichauco y otros*, 11 Jur. Filipina 14.

En Manresa, ob. cit., pág. 672, se dice lo siguiente:

"Al hablar de las servidumbres negativas, que todas ellas son no aparentes, el artículo 538 quiso sin duda referirse a aqué-

---

(²) El demandado alega en su contestación que él había adquirido su servidumbre de luces y vistas por prescripción y por título pero no presentó prueba alguna con respecto a su alegada adquisición por título.

llas que se presentan enlazadas de tal modo a otras positivas que no se conciben éstas sin aquéllas. No existe verdadera servidumbre mientras exista el derecho de impedir su uso, y así, en la servidumbre de luces, por ejemplo, no se cuenta el plazo de los veinte años desde que se abren los huecos destinados a recibirlas, sino desde que el dueño del edificio en que esos huecos existen prohibe al del predio inmediato edificar o impedir de alguna manera la luz. (Véanse las sentencias de 10 de mayo de 1884, 10 de enero, 31 de mayo de 1890, 8 de febrero de 1899 y 8 de enero de 1908.)

"Así tiene que entenderse, aunque el artículo 538 se refiere en general a las servidumbres negativas, porque la disposición de este artículo está subordinada a la del 537, del cual es sólo un accesorio, y a la del 539, y declarado que las servidumbres no aparentes, sean o no continuas, no pueden adquirirse por prescripción, dicho se está que las servidumbres negativas, que son todas no aparentes, no pueden constituirse por ese medio. El precepto del artículo 538 respecto a estas servidumbres no tiene, por tanto, más alcance que el expresado."

En 2 Valverde, Tratado de Derecho Civil Español, 3ra. ed., pág. 370, se dice lo siguiente:

"...Es decir, que en las negativas se contará el tiempo desde que exista un acto obstativo, según requería ya la legislación nuestra de Partidas; acto obstativo o de oposición que exige estas tres circunstancias que determina la doctrina científica:

"1a. Que el propietario del predio sirviente se haya puesto a hacer en su predio obras que el del dominante pretende impedir.

"2a. Que el del dominante se haya opuesto a la ejecución de las obras.

"3a. Que a consecuencia de esta oposición, el propietario del predio sirviente haya desistido de los trabajos emprendidos o que se proponía emprender."

Véanse, además, la pág. 414 de la misma obra; 2 Castán, Derecho Civil Español Común y Foral, 6ta. ed., pág. 288.

El tribunal inferior resolvió erróneamente que el tiempo para contar la prescripción se contaba desde el día en que el dueño de la casa ubicada en el predio sirviente le pidió al demandado que cerrara los huecos y ventanas. Por el contrario, la regla legal es al efecto de que el acto obstativo que

inicia el transcurso de la prescripción en el caso de las servidumbres negativas es aquél que se lleva a cabo por el dueño del predio dominante, consintiendo dicho acto obstativo en que el dueño del predio dominante manifieste formalmente su oposición a que el propietario del predio sirviente haga alguna obra o edificación en su predio que pueda impedir el disfrute de la servidumbre de luces y vistas. No ha habido prueba en este caso de que el demandante o los dueños anteriores de la casa del demandante hayan empezado a hacer en el predio donde está su casa obras o edificaciones que impidan el ejercicio de la servidumbre, ni ha habido prueba de que el demandado se haya opuesto a la ejecución de tales obras, ni tampoco ha habido prueba de que, como resultado de esa oposición, el demandante, o uno de sus antecesores, haya desistido de tal obra o edificación. Por lo tanto, de la prueba presentada en este caso no surge que se haya cumplido con el requisito expresado por el artículo 474 del Código Civil, y no hay base para la conclusión de que el demandado haya adquirido una servidumbre de luces y vistas, por prescripción.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal inferior para que se sigan los procedimientos posteriores que no sean incompatibles con esta opinión.*

El Juez Presidente Señor Todd, Jr., no intervino.