RAMÓN GONZÁLEZ BETANCOURT, demandante y apelado *v.*
PEDRO FERNÁNDEZ REYES, demandado y apelante.

No. 6603.—*Sometido:* Marzo 21, 1935. *Resuelto:* Noviembre 8, 1935.

*Luis Mercader,* abogado del apelante; *Antonio Lens Cuena,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En 1921 los herederos de José Fernández y su esposa se distribuyeron entre sí 174 cuerdas de terreno. Pedro Fernández, aquí demandado, y su hermana, Emilia Fernández, recibieron 18.01 cuerdas cada uno. Posteriormente Pedro Fernández adquirió de sus coherederos otras dos parcelas de 18.01 cuerdas cada una, lo que hacía un total de 54.03 cuerdas. Las 18.01 cuerdas pertenecientes a Emilia se hallaban al norte de estas 54.03 cuerdas. En 1924 Emilia Fernández y su esposo Carlos Domínguez segregaron y vendieron a la Plazuela Sugar Company 528.74 metros cuadrados. La Plazuela Sugar Company adquirió esta faja de terreno con el objeto de trasladar a ella parte del ferrocarril que ya tenía sobre distinta ruta. La Plazuela Sugar Company, después

de inscribir su escritura, hizo algunas excavaciones y niveló parcialmente el terreno por donde se proponía tender la nueva vía. Más tarde este proyecto fué abandonado, y los vendedores reanudaron su posesión de la finca. En 1926 Pedro Fernández, con el consentimiento de Emilia Fernández y su esposo Carlos Domínguez, hizo algunas reparaciones de su propio peculio en esta faja y más tarde la utilizó como un camino que conducía de su propiedad a la intersección de un camino municipal que iba de este a oeste por la costa al norte de las 174 cuerdas. En 1928 Emilia Fernández y su esposo vendieron las 18.01 cuerdas a Ramón González, aquí demandante. A González no le fué posible inscribir su título de los 528.74 metros previamente inscritos a nombre de la Plazuela Sugar Company. En 1931 la Plazuela Sugar Company vendió los 528.74 metros a González, quien entonces inscribió su título en el registro de la propiedad. Más tarde González instituyó el presente recurso para establecer la no existencia de una servidumbre o derecho de paso sobre la faja de 528.74 metros. La alegación de Pedro Fernández era que con anterioridad a la distribución de las 174 cuerdas los herederos de José Fernández y Dominga Reyes habían establecido el callejón o camino para su uso común en la transportación de caña sobre la misma ruta hasta un desvío de ferrocarril que desde 1910 estaba situado en lo que son hoy las 54.03 cuerdas, y que el camino que ahora está en controversia es el mismo así establecido, usado por viandantes y carros de bueyes, y reparado por Pedro Fernández en 1926. Al resolver esta contención el juez de distrito dijo:

"Lo que dichos testigos han dado en llamar camino no era otra cosa que uno de esos callejones que los cultivadores de gramínea tienen necesariamente que dejar entre una y otra pieza de caña para el acceso a la plantación y el transporte del fruto, cuyos callejones no siempre se forman en el mismo lugar, por cuyas circunstancias no llegan a tener las características de un verdadero camino."

█ El primer motivo del recurso es que la corte de distrito cometió error al resolver que el demandado Pedro

Fernández no tenía derecho de paso por el camino discutido, a tenor de lo dispuesto en el artículo 477 del Código Civil (edición de 1930). Ese artículo lee así:

"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Un callejón de cañaveral que está sujeto a ser variado, una estrecha faja de terreno dejada sin cultivar a veces en un sitio y a veces en otro como algo indispensable para recolectar la cosecha, no es el signo aparente de la servidumbre o del derecho de paso permanente a que se refiere el artículo 477. El signo mismo debe ser permanente, no variable, ni accidental. Véanse 4 Manresa 626 y 10 Scaevola 164. Véanse también 86 Am. Dec. 577 y 19 C. J. sección 107, p. 916.

El segundo señalamiento es que la corte de distrito cometió error al resolver que en 1926, cuando Emilia Fernández y su esposo Carlos Domínguez, contrataron con Pedro Fernández el arreglo del camino que él efectuó por su cuenta, "ratificándose así la servidumbre", los referidos Emilia Fernández y Carlos Domínguez no eran los dueños absolutos del camino objeto de este litigio sino que su propietaria lo era la Plazuela Sugar Company. Ésta era sin duda alguna la dueña del título legal en 1926. Podría admitirse que Emilia Fernández y su esposo pudieron haber logrado de la Plazuela Sugar Company que les traspasara nuevamente el terreno por una suma nominal, según lo hizo Ramón González en 1931. No lo hicieron así. En el ínterin, la posesión civil e implícita, así como el derecho exclusivo de posesión, continuó en la Plazuela Sugar Company. Aunque Emilia Fernández y Carlos Domínguez se hallaban en posesión material, no eran ni dueños del terreno ni tenían el derecho ex-

clusivo de posesión. Técnicamente eran meros poseedores en precario (*tennants at will*) de la Plazuela Sugar Company. Por tanto, carecían de facultad para conceder una servidumbre de paso o para ratificar cualquier concesión implícita anterior. Y el pacto por ellos celebrado con Pedro Fernández, por el cual le permitían reparar el paso abandonado por el ferrocarril, no creó impedimento (*estoppel*) contra González, adquirente de la Plazuela Sugar Company. 9 R.C.L. 747, sección 16; 10 R.C.L. 675, sección 3; Id. 782, sección 97.

La tercera contención del apelante es que la corte inferior cometió error al apreciar la prueba, deduciendo de la misma conclusiones contrarias a derecho. Además de ser este señalamiento muy general no hallamos tal error manifiesto en la apreciación de la prueba ni en las conclusiones hechas por el juez de distrito que justifiquen la revocación.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado señor Wolf está conforme con el resultado. *

El Juez Asociado Sr. Aldrey no intervino.