MIGUEL GARCÍA MARTÍNEZ, demandante y apelado, *v.* POLICARPO, MERCEDES, FAUSTO y NATIVIDAD OLANO SBERT, y los menores JUANA, JOSÉ y BLANCA OLANO SBERT, representados por su madre con patria potestad BLANCA SBERT VDA. DE OLANO, demandados y apelantes.

Núm. 8268.—*Sometido:* Mayo 8, 1941. *Resuelto:* Junio 27, 1941.

*José E .Díaz,* abogado de los apelantes; *Heriberto Torres Solá* y *Federico J. Pérez Almiroty,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Ejercitó el demandante en este caso la acción confesoria de servidumbre de luces y vistas. Se opusieron los demandados y celebrado el juicio, la corte de distrito dictó sentencia declarando la demanda con lugar en los siguientes términos:

". . . que existe una servidumbre de luces y vistas directas en que es predio dominante la finca del demandante y predio sirviente la de los demandados, o sea los solares descritos bajo las letras (*a*) y (*b*) del párrafo tercero de la demanda, cuya servidumbre deberá ser inscrita en el Registro de la Propiedad de San Juan, Sección Segunda, una vez firme esta sentencia; que la construcción del ranchón o garage en la finca de los demandados a una distancia menor de tres metros de la colindancia es contraria al derecho de servidumbre aquí reconocido y los demandados deberán retirarlo a dicha distancia dentro del término de treinta días de ser firme esta sentencia."

No conformes los demandados interpusieron el presente recurso de apelación, señalando cuatro errores cometidos a su juicio por la corte al declarar la existencia de la servidumbre, al estimar que las tres ventanas de la fachada Este

de la casa del demandante eran signos aparentes de una servidumbre de luces y vistas sobre la casa de los demandados, al declarar que la servidumbre impedía a los demandados edificar en una faja de tres metros de ancho y de todo el largo del solar y al no condenar al demandante al pago de las costas y de doscientos dólares por concepto de honorarios de abogado.

De las alegaciones y de las pruebas surge con toda claridad que dueños los esposos Morales–Rodríguez de los solares números 72 y 71 de cierto plano de urbanización, con frente ambos a la calle Arizmendi de Río Piedras, el 72 en doce metros y el 71 en diez metros y ochenta centímetros, resolvieron agruparlos y los agruparon por escritura pública otorgada en mayo 20, 1919, y segregaron por la misma escritura una porción al fondo que vendieron a Castor Mulero.

Hecha la segregación, la finca agrupada quedó con veinte y dos metros y ochenta centímetros de frente a la calle Arizmendi y veinte y dos metros de fondo y, seguidamente, el mismo día de la agrupación, por otra escritura pública segregaron de ella otra porción de nueve metros de frente a la calle y veinte y dos de fondo con la casa de maderas en ella construída y la vendieron a Francisco Ramos, que a su vez la vendió a Ambrosia R. viuda de Torregrosa en noviembre 12, 1921, vendiéndola la compradora en junio 12, 1928, al demandante.

La casa de maderas, de seis metros de frente por diez de fondo, tenía tres ventanas a su lado izquierdo entrando, quedando el lado a un metro de la línea del solar, en colindancia con el remanente de la agrupación que fué vendido con la casa en el mismo fabricada a los esposos Villamil–Márquez en marzo 3, 1920, y traspasado por éstos a los demandados, que son sus dueños en la actualidad, en enero 9, 1933. Al fondo del solar los Villamil construyeron en 1920 un garage. Su lado derecho entrando ocupaba la misma línea del solar en su colindancia con el del demandante.

Pasaron los años. El demandante reconstruyó su casa agrandándola hacia el fondo, abriendo dos ventanas más en su lado izquierdo, entrando. Luego los demandados reconstruyeron su garage agrandándolo hacia adelante, y como resultado de esas extensiones en sentido contrario, una parte del fondo del lado izquierdo de la casa del demandante con ventanas quedó frente a frente a otra parte del lado derecho del garage de los demandados, y estando el garage construído hasta la línea de la colindancia, sólo quedó entre las partes de construcciones que se enfrentaban un espacio libre de un metro o sea el callejón perteneciente al demandante.

Éste sostiene que el garage se construyó en violación de su derecho a luces y vistas que su predio tenía sobre el predio de los demandados, y que éstos no pueden levantar en su solar construcción alguna que obstruya la servidumbre, a menos de tres metros de la colindancia, y sabemos que la corte sentenciadora le dió la razón.

Nada, absolutamente nada se pactó en los diferentes traspasos de los solares, sobre servidumbre de luces y vistas. Todo el alegado derecho del demandante descansa en la existencia de las tres ventanas del lado izquierdo de su casa entrando a la fecha de la segregación y venta de 1919 y de lo prescrito en el artículo 477 del Código Civil, ed. 1930, que lee como sigue:

"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."

Tras un estudio detenido de los hechos y la ley, llegamos a la conclusión de que ni los unos en este caso concreto ni la otra aplicada al mismo tienen el alcance que les atribuye el demandante apelado y que les reconoció la corte.

Estamos enteramente conformes en que la existencia de un signo aparente de servidumbre establecido por el propietario de dos fincas, es título suficiente para que la servidumbre continúe, si una de ellas se enajena. Lo ordena la ley. Pero al acto del dueño no se puede atribuir mayor extensión que la que tenga en ralidad.

¿Y cuál fué el acto del dueño en este caso? Fabricar primero una casa de maderas de seis metros de frente por diez de fondo con tres ventanas a su lado izquierdo entrando en un solar que tenía de doce metros de frente a la calle; agrupar después el solar a otro contiguo que también tenía de diez metros ochenta centímetros de frente a la misma calle y en el cual había edificado otra casa y, por último, el mismo día de la agrupación, segregar y vender una porción de la finca agrupada al fondo y otra con casa que hoy pertenece al demandante, de nueve metros de frente por veinte y dos de fondo. La porción de nueve metros de frente era parte del primitivo solar de doce metros de frente y como consecuencia de la reducción de doce a nueve, la casa por el lado en que estaban las ventanas quedó a un metro de la colindancia con el remanente de la finca agrupada.

Y de ese hecho, de ese solo hecho sin más, pretende el demandante, aplicando el precepto legal invocado, que surja su derecho a impedir que el demandado levante construcción alguna en una faja del solar de que es dueño de tres metros de ancho desde el frente hasta el fondo, esto es, el demandante sostiene que cuando el dueño de los dos solares fabricó la casa que hoy es suya con las tres ventanas, constituyó a favor del predio en que se levantaba una servidumbre de luces y vistas y que al agrupar luego los solares en una finca y segregar y vender la porción de nueve metros de frente con la casa, como no tapió las ventanas o expresó algo en contrario en el traspaso, éste llevó consigo el derecho de servidumbre de luces y vistas sobre el predio contiguo en la extensión indicada.

La sola exposición de lo que se pretende basta para hacer dudar de la legalidad de la pretensión. Una servidumbre de esa naturaleza constituye un gravamen perpetuo sobre un inmueble, una desmembración del dominio, que sólo puede reconocerse que existe cuando las partes han actuado de una manera consciente o cuando la ley hable de modo tan claro y terminante que no haya dudas sobre su aplicación.

El artículo 477 del Código Civil que no procede del derecho antiguo español ni del romano, si que del Código de Napoleón, no es el solo precepto que contiene dicho cuerpo legal sobre servidumbres. A ellas se encuentra dedicado todo el título séptimo de su libro segundo, y forma parte de la sección quinta—"de las servidumbres de luces y vistas"—el artículo 518, que a nuestro juicio es el que regula la cuestión aquí envuelta. Dice:

"No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad.

"Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay 60 centímetros de distancia."

Comentando el artículo 582 del Código Civil Español que corresponde al 518 del nuestro, se dice en 28 Enciclopedia Jurídica Española 698:

"El artículo 582 y sus concordantes 583 y 584, ponen restricciones no al predio sobre el cual las vistas se extienden, sino al predio que abre ventanas, balcones u otros voladizos. Por ello dice Mucius Scaevola que dichos artículos atañen, sí, a una servidumbre, pero no de vistas, en el rigorismo jurídico, sino *de distancias para construir con huecos.*"

Ese es todo el alcance que puede darse al acto del primitivo dueño del solar que hoy pertenece al demandante al construir en el mismo la casa que también hoy le pertenece.

Como esta propia Corte dijo hace cerca de treinta años en *Díaz* v. *Guerra,* 18 D.P.R. 819, 820:

"El que el propietario de los solares en que están ubicadas las casas del demandante y del demandado en el caso de autos, estuviera conforme en que el demandante construyera su casa a dos metros o más de distancia de la línea divisoria de ambos solares y en que abriera en la pared ventanas con vistas rectas, no puede implicar en manera alguna que el dicho propietario conviniera en imponer a su otro solar una servidumbre de luces y vistas en favor de la casa del demandante."

El caso de *Illanas* v. *González,* 51 D.P.R. 803 en que tanto énfasis hace el apelado no es igual al presente. Allí lo que pretendió el demandante fué que el demandado no abriera determinadas ventanas y la corte de distrito le dió la razón mandándole tapiar las que había abierto. Apelado el caso, esta corte dejó sin efecto el pronunciamiento y resolvió:

"Cuando al transmitir el dominio de uno de dos predios colindantes suyos en que existen unas ventanas, signos aparentes de servidumbre, el dueño no limita tal servidumbre a la planta baja de cualquier edificación en dicho predio o el número de ventanas que el adquirente del predio tendría derecho a abrir para gozar debidamente de su propiedad, el comprador o sus sucesores en título tienen derecho a construir sobre el fundo desde el suelo hasta el cielo y a proveer a las edificaciones que en él levante de las ventanas razonablemente necesarias para el goce y disfrute de su propiedad."

Sería como si en este caso en vez de ser el demandante el que reclamara hubieran establecido el pleito los demandados contra él pidiendo que se le obligara a cerrar las ventanas de su casa porque están sólo a un metro de la línea del solar o a no abrir nuevas ventanas a esa distancia. En tal caso sí que el demandante al verse demandado podría invocar con éxito en su favor la ley y la jurisprudencia porque el primitivo dueño al abrir las ventanas lo hizo con el propósito de que lo fueran y al vender el solar reduciendo su extensión quedaron las ventanas como signos aparentes de una servidumbre más bien que de luces y vistas, de distancias para construir con huecos, puestos por aquél que tenía derecho de hacerlo cuando lo hizo, viniendo obligados sus sucesores a respetar sus actos.

Ése y sólo ése es el derecho del demandante en este caso, a saber, continuar con sus ventanas abiertas donde lo están no obstante ser ello contrarió a lo dispuesto en el artículo 518 del Código Civil, pero no a invadir la propiedad vecina y obligar a su dueño a preservar sesenta y seis metros cuadrados de la misma para que él disfrute de su luz y de su vista.

*La sentencia apelada deberá en su consecuencia revocarse dictándose otra por virtud de la cual se desestime la demanda con costas, pero sin honorarios de abogado, por estimar, en el ejercicio de nuestra discreción, que éstos, dadas las circunstancias concurrentes, no deben imponerse.*

El Juez Asociado Sr. Todd, Jr., no intervino.