MANUEL CLAUDIO, demandante y recurrente, *v.* LEONARDO CRUZ AGUILA y CARMEN JULIA ALMODÓVAR LUGO DE CRUZ, demandados y recurridos.

*Número:* 12485   *Resuelto:* 29 de enero de 1962

*Rodríguez Ema & Rodríguez Ramón,* abogados del recurrente; *E. Martínez Avilés,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

En este caso, por primera vez, se presentó una demanda de reivindicación en la cual el recurrente Manuel Claudio alegaba que los recurridos, los esposos Leonardo Cruz Aguila y Carmen Julia Almódovar Lugo, ocupaban dos fajas de terreno que pertenecían al recurrente. Después, dicho recurrente enmendó su primera causa de pedir, añadiendo dos nuevas causas; una, porque en la pared de un edificio de los recurridos que colinda con la propiedad del recurrente, aquellos habían abierto cuatro ventanas y dos balcones con vistas rectas sobre la finca del recurrente, sin dejar los tres metros de separación que exigía la legislación vigente; otra, por ciertos daños causados al edificio del recurrente. Durante la vista del caso, el recurrente desistió de la acción reivindicatoria y presentó su prueba sobre la servidumbre y los daños.

Según la prueba se trata de dos edificios contiguos situados en la Avenida Carpenter del barrio de Hato Rey, numerados 305 y 307. El solar donde enclava el edificio de dos plantas 305 fue adquirido por los recurridos el 15 de enero de 1946 (exhibit 4 del recurrido) y el edificio de cemento construido en el mismo, año 1946 (t. 15). El solar donde enclava el edificio 307 fue adquirido por los recurridos el 8 de mayo de 1947 (exhibit 3 del recurrente). Sobre este último solar existía una casa de madera de una sola planta que tal parece antes del 1946 no pegada con la pared recién construida del edificio 305, pero desde el 1946, cuando los recurridos obtienen una opción de compra sobre el solar donde estaría el edificio 307 (t. 27–29) los recurridos pegan la casa de madera hasta la pared del edificio 305, techan el anterior

pasadizo que existía entre las dos edificaciones y lo utilizan como almacén (t. 30).

La prueba es categórica en cuanto al hecho, que desde mediados de 1946 y hasta que se reconstruye la casa de madera que se transformaría en el edificio 307, el edificio de cemento 305 y la casa de madera anterior al nuevo edificio 307, estaban pegados el uno al otro. Por encima de todas las infirmezas de la memoria, dos fotografías tomadas en el 1946, (exhibit 6 y 7 de los recurridos) (t. 38), demuestran, sin lugar a dudas, que la pared sur del edificio 305 y la pared norte de la casa de madera 307 estaban unidas, en una especial función de medianería.

El día 13 de junio de 1951, o sea, cinco años más tarde los recurridos le vendieron al demandante, el solar y edificio numerado 305, (exhibit 4 de los recurridos) y el día 2 de febrero de 1954 (t. 47) los recurridos empiezan a reconstruir la casa de madera para convertirla en un edificio de hormigón armado que se termina el 9 de octubre de 1954 (t. 47).

El 11 de octubre de 1955, o sea, un año después de terminarse la obra, el recurrente acude al Tribunal Superior de Puerto Rico, Sala de San Juan con la demanda de reivindicación de que antes hemos hablado. La ilustrada Sala sentenciadora declaró sin lugar la demanda por concluir como cuestión de hecho, que las puertas y ventanas abiertas por los recurridos en el lado norte de su casa junto a la pared sur de la casa del recurrente, están a la distancia de dos metros y centímetros; que los balcones de la casa de los demandados al igual que los balcones de la casa de los demandados miran hacia la Avenida Carpenter y no encuentra el juzgador que dichos balcones perjudiquen al recurrente o que no hayan sido construidos con arreglo a ley; que la pared de la casa de los recurridos que colinda con, o que está pegada a la del recurrente no puede en forma alguna interferir con el mejor uso o perjudicar la propiedad del recurrente, y como cuestión de derecho, que no existe servidumbre de luces y vista o de nin-

guna otra clase que pueda haber convertido en predio sirviente la finca de los recurridos a favor de la finca del recurrente; que la Ley número 90 de 16 de junio de 1953 para enmendar los artículos 518 y 519 del Código Civil de Puerto Rico (1930) limitó a metro y medio la distancia a que se pueden abrir ventanas y balcones sobre la finca del vecino.

En su revisión ante nos, el recurrente señala la comisión de los siguientes errores: (1) Erró la ilustrada Sala sentenciadora al no concluir que al adquirir de los recurridos en el 1951 la propiedad sita en la Avenida Carpenter 305, se creó a favor del recurrente un derecho de servidumbre de luces y vistas sobre el predio adyacente, propiedad de los recurridos, sobre cuyos hechos no hubo conflicto en la prueba; (2) Erró la ilustrada Sala sentenciadora al no concluir que teniendo el recurrente un derecho de servidumbre de luces y vistas a su favor sobre el predio sirviente de los recurridos, estos últimos no podrían construir sobre su solar en un área de tres metros desde la colindancia de dicho solar de los recurridos hacia el predio dominante del recurrente; (3) Erró la ilustrada Sala sentenciadora al aplicar a los hechos de este caso la Ley número 90 de 16 de junio de 1953, enmendatoria de los artículos 518 y 521 del Código Civil de Puerto Rico (1930).

1 El primer error se relaciona, con la aplicación a los hechos de este caso, del art. 477 del Código Civil de Puerto Rico—31 L.P.R.A. sec. 1655—que dispone: "La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura". ∎

Es indudable que entre los años 1947 y 1951 los recurridos son dueños tanto del edificio de cemento de dos plantas numerado 305 como de la casa de madera de una sola planta numerada 307. Pero no es menos cierto, que desde el 1947, ambas estructuras están pegadas la una a la otra, y por lo tanto, en cuanto a la primera planta se refiere, cualquier signo aparente de servidumbre de luces y vistas había desaparecido al momento de efectuarse la venta del edificio 305 al recurrente en el año 1951. Siendo esto así, este caso, en cuanto a las primeras plantas de los edificios 305 y 307, constituye la excepción provista en la última disposición del art. 477 del Código Civil de Puerto Rico relativa a la desaparición del signo aparente. ▇▇▇

En cuanto a las segundas plantas hay pruebas, en el sentido, que la planta alta del edificio 305 tenía ciertas ventanas abiertas hacia el solar de los recurridos, cuando dicho solar se le vendió al recurrente. Pero es la propia prueba del recurrente—exhibit 1 del recurrente—la que demuestra que entre las ventanas abiertas en la pared sur del edificio 305 y las ventanas abiertas en la pared norte del edificio 307, existen dos metros y centímetros de separación. Asumiendo, aunque sin resolverlo, que dichas ventanas constituyeran en el 1951 el signo aparente de servidumbre, tal servidumbre no podría extenderse a un mayor espacio que el declarado por la Ley como máximo para el caso de edificios contiguos.

2-3 En el 1951, el venderle los recurridos al recurrente el edificio 305, el art. 521 del Código Civil de Puerto Rico, disponía: "Cuando por cualquier título se hubiera adquirido derecho a tener vistas directas, balcones o miradores sobre la propiedad colindante, el dueño del predio sirviente no podrá edificar a menos de tres metros de distancia". En el 1954, al construir los recurridos la segunda planta del edificio 307, en virtud de la enmienda hecha a dicho artículo por la Ley número 90 de 16 de junio de 1953, la distancia

se redujo a dos metros. Según la propia prueba del recurrente—exhibit 1 del recurrente—cuando los recurridos construyeron dicha segunda planta dejaron una distancia de dos metros y centímetros entre la pared sur del edificio 305 y la pared norte del edificio 307. En su recurso de revisión ante nos, el recurrente alega que habiendo comprado él su edificio 305 en el 1951, los recurridos no podían construir en el 1954 hasta la nueva distancia dispuesta por la Ley número 90 de 1953, por tratarse de derechos adquiridos al amparo de una legislación anterior.

No tiene razón el recurrente. Desde el 1904, cuando se resolvió el caso de *Aguilar* v. *Vázquez*, 6 D.P.R. 1, (Hernández) (1904), cita precisa a la pág. 9, dejamos establecido, que si los *hechos* se originan con posterioridad al día en que empezó a regir una enmienda no rige el principio de la irretroactividad. No se da en este caso ninguno de los dos supuestos sobre los cuales opera el principio de la irretroactividad; ni el de los "hechos consumados" ni el del "fallo judicial" anterior. Sabido es que cuando se trata de normas de Derecho público, y en el caso de la industria de la construcción de viviendas cualquier reglamentación resulta de naturaleza pública, el principio de la irretroactividad no prevalece.

*Debe confirmarse la sentencia.*