FRANCISCO DELGADO CRUZ, demandante y recurrente, *v.* AGUSTÍN GIRAU BERNAL, demandado y recurrido.

*Número:* R-83-239 *Resuelto:* 17 de enero de 1984

*Antonio Reyes Delgado,* abogado de la parte recurrente; *Frank Rodríguez García,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Don Osvaldo Alfonso Bauzá y doña Inés María Soler, casados entre sí, eran dueños de tres solares radicados entre la Calle Dr. Adrián Cueto Rodríguez (antes calle Comerío) por el frente y el Río Viví por atrás, del término municipal de Utuado, Puerto Rico. Estos tres solares colindaban entre sí y en cada uno había una casa edificada por los esposos (casa A, casa B y casa C). Los solares con sus casas constaban inscritos en el Registro de la Propiedad.

El 6 de mayo de 1927 comparecieron don Osvaldo y su esposa mediante escritura en que manifestaron haber destruido, en parte, dichas tres casas y luego haberlas reconstruido. Entonces procedieron a la descripción de los solares (solar A, solar B y solar C) y sus respectivas edificaciones, describiendo en esta ocasión tres casas (casa A, casa B y casa C) y otro solar (solar AB), sin edificación, entre las dos primeras casas (casa A y casa B).

En la misma escritura el referido solar AB fue vendido por los esposos Alfonso Soler a su hijo Gabriel Alfonso Soler, en cuya posesión se encontraba el solar hacía algún tiempo. Éste hizo constar que había hecho edificar, junto a su esposa (Virginia Mattei), una casa (casa AB) con las mismas colindancias descritas para el solar.

En escritura posterior del 24 de enero de 1928 los mismos comparecientes dejaron sin efecto la escritura anteriormente otorgada procediendo a una nueva agrupación, segregación y venta sobre los mismos solares y casas. Describieron los solares A, B, C, las casas A, B, C, y el solar AB al igual que antes, y vendieron el último a su hijo Gabriel y esposa. Éste estableció que había construido una casa (casa

AB) en el solar AB, indicando en su descripción que tenía ventanas de madera entre otras facilidades.

El título del solar y de la casa (solar AB y casa AB) propiedad de don Gabriel Alfonso y doña Virginia Mattei fue transmitido hasta ser adquirido en 1962 por el aquí demandante recurrente Francisco Delgado Cruz y su esposa Esther Martínez.

El título sobre el solar y la casa A fue transmitido en varias ocasiones hasta que en 1974 lo adquirió el demandado recurrido Agustín Girau Bernal. La casa A había sido destruida y el nuevo titular comenzó a construir un edificio para fines comerciales. Una de las paredes del edificio se levantaba paralela a una de las paredes de la casa AB, donde había una ventana, quedando una distancia de 12 a 13 pulgadas entre ambas estructuras. El recurrido tenía permiso de la Junta de Planificación para la construcción.

El 27 de abril de 1976 el demandante recurrente presentó una demanda de interdicto para paralizar la construcción alegando la existencia de una servidumbre de luces y vistas sobre el predio del damandado edificante, solar A, a favor de su predio, solar AB. El tribunal declaró con lugar una solicitud de interdicto preliminar y paralizó las obras de construcción. Posteriormente el tribunal de instancia dictó sentencia y declaró sin lugar la demanda.

Por tal motivo el recurrente nos pide en revisión la revocación de la sentencia señalando como único error la determinación del tribunal al efecto de que no existe una servidumbre de luces y vistas sobre el predio del demandado y a favor del predio del demandante.

Debemos resolver qué derechos, si alguno, asisten al demandante recurrente, dueño de la casa AB, cuya pared izquierda queda contigua a la colindancia del solar del demandado recurrido, donde este último desea construir un edificio comercial, levantando una pared a una distancia de 12″ a 13″ de la pared izquierda de la casa AB, donde, a su vez, hay una ventana, puesto que el recurrente alega que

existe una servidumbre de luces y vistas que recae sobre el predio del demandado a favor de su predio. Arguye que la servidumbre de luces y vistas ha existido por disposición expresa y consentimiento del primer o anterior dueño, o por prescripción de más de 20 años.

■ Dispone el Art. 473 del Código Civil, 31 L.P.R.A. sec. 1651, que las servidumbres continuas[1] y aparentes[2] se adquieren por título o por la prescripción de 20 años.

■ La servidumbre de luces y vistas es continua y aparente, por lo que bien puede adquirirse por título o por prescripción de 20 años; *Ríos* v. *Mercado*, 73 D.P.R. 840 (1952); *Iglesia Católica, Etc.* v. *Combate Tobacco Corp.*, 42 D.P.R. 376 (1931); *Díaz* v. *Guerra*, 18 D.P.R. 819 (1912).

No surge de las escrituras de compraventa ni de ningún otro contrato en autos que se pactara la servidumbre de luces y vistas que reclama el recurrente, por lo que debemos determinar si se ha adquirido por prescripción.

■ Dispone el Art. 474 del Código Civil, 31 L.P.R.A. sec. 1652, que en las servidumbres negativas[3] el término para adquirir por prescripción comienza desde el día en que el dueño del predio dominante hubiere prohibido por un acto formal al del predio sirviente la ejecución de un hecho que sería lícito sin la servidumbre.

■ La servidumbre de luces y vistas es negativa donde el término prescriptivo comienza a partir del acto obstativo. *Balzac* v. *Torres*, 68 D.P.R. 983 (1948); *Ramos* v. *Viejo*, 66 D.P.R. 642 (1946); *Ríos*, supra, pág. 846; *Delgado* v. *Rodríguez*, 71 D.P.R. 445 (1950); *Figueroa* v. *Guerra*, 69 D.P.R. 607 (1949); *Polanco* v. *Ruiz*, 55 D.P.R. 785 (1939); *García* v. *García*, 25 D.P.R. 128 (1917).

El tribunal de instancia determinó que el acto obstativo

[1] 31 L.P.R.A. sec. 1634.

[2] Íd.

[3] 31 L.P.R.A. sec. 1635.

en autos lo constituyó la presentación de esta demanda, que no hubo un acto obstativo anterior y que, por lo tanto, no se había adquirido por prescripción la servidumbre de luces y vistas reclamada.

■ La servidumbre de luces y vistas no se adquiere por el hecho de abrirse las ventanas de una pared de cierta casa de modo que invadan el espacio y se proyecten hacia el terreno de otra finca, mas por el transcurso del término prescriptivo. Tal invasión al terreno no constituye el acto obstativo requerido por ley, sino un acto de mera tolerancia. *Figueroa*, supra, pág. 613; *García* v. *García*, supra, págs. 137-138; *Díaz* v. *Pérez*, 56 D.P.R. 727 (1940); J. M. Manresa, *Comentarios al Código Civil Español*, Madrid, Ed. Reus, 1972, T. IV, págs. 969-970.

Como no se ha adquirido por título ni por prescripción la servidumbre de luces y vistas, debemos resolver si tal servidumbre de luces y vistas fue establecida por el dueño original de ambas fincas antes de segregarlas.

■ Al respecto dispone el Art. 477 del Código Civil, 31 L.P.R.A. sec. 1655, que un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura.

■ El signo aparente tuvo que haberse establecido o conservado por el propietario de la finca original (antes de la segregación o venta). *Goenaga* v. *O'Neill de Milán*, 85 D.P.R. 170 (1962); *González* v. *Fernández*, 49 D.P.R. 29 (1935); *García* v. *Olano*, 59 D.P.R. 45 (1941); *Claudio* v. *Cruz Águila*, 84 D.P.R. 435 (1962); *Logia Caballeros del Sur* v. *Cordero*, 74 D.P.R. 444 (1953); *Illanas* v. *González*, 51 D.P.R. 803 (1937); *Muñoz* v. *Viejo*, 35 D.P.R. 864 (1926). Ese signo aparente

debe ser permanente, no variable ni accidental. *Goenaga,* supra, pág. 216; *González,* supra, pág. 31; *Logia Caballeros del Sur,* supra, pág. 448. Las ventanas y huecos construidos por el mismo propietario en casas distintas, en un mismo solar, podrían constituir signo aparente cuando se segregue el solar, para ubicar cada casa en una finca diferente. *Muñoz,* supra, pág. 867.

▆▆▆▆ De los hechos en autos surge que el Sr. Osvaldo Alfonso Bauzá y su esposa, anteriores propietarios del solar original, posteriormente por ellos segregado, construyeron en dicho solar tres casas, inclusive la casa A. Ellos no construyeron la casa AB en el solar AB, sino su hijo Gabriel, quien se encontraba en posesión del referido solar AB y a quien posteriormente se le vendió el mismo. Así, aunque las ventanas de madera de la casa AB pudieran constituir un signo aparente de servidumbre de luces y vistas para los efectos del Art. 477 del Código Civil —determinación que no tenemos que hacer en autos— dicha casa no fue construida por el dueño, sino por su hijo. El hecho de que el padre permitiera al hijo construir su casa con ventanas de madera en terrenos de aquél no puede implicar en manera alguna que el dueño conviniera en imponer a su otro solar y casa (casa A), luego de la segregación, una servidumbre de luces y vistas en favor del hijo. *Díaz* v. *Guerra,* supra, pág. 827; *Logia Caballeros del Sur,* supra, págs. 448–449; J. Castán Tobeñas, *Derecho civil español, común y foral,* 11ma ed., Madrid, Ed. Reus, 1973, T. II, Vol. II, pág. 112. Sentencias de 27 de mayo de 1899, núm. 64, 87 Jurisprudencia Civil 303; 10 de octubre de 1957, núm. 83, 62 Rev. Gen. Leg. Jur. 950; 21 de junio de 1971, núm. 3258, Aranzadi, XXXVIII Repertorio de Jurisprudencia 2352; Manresa, *op. cit.,* T. IV, págs. 777–778; J. Puig Brutau, *Fundamentos de Derecho Civil,* 2da ed., Barcelona, Ed. Bosch, 1973, T. III, Vol. II, págs. 414–417.

Tampoco nos encontramos ante la situación de una finca, que anteriormente constaba de varias y en las cuales existían signos aparentes de servidumbre de luces y vistas esta-

blecidos por sus respectivos propietarios anteriores, adquirida por un nuevo dueño que conserve y mantenga dichos signos, y luego proceda a segregar o a vender individualmente las fincas. *Illanas,* supra, pág. 812; Manresa, *op. cit.,* T. IV, págs. 776–778.

En vista de los anteriores razonamientos concluimos que las ventanas abiertas en la pared izquierda de la casa AB ubicada en el solar AB son contrarias a la ley, y no ha transcurrido el término prescriptivo a partir del acto obstativo que nos permita concluir que ha surgido una servidumbre de luces y vistas a favor del solar AB.

*Se dictará sentencia en la que se expida el auto y se confirme la sentencia recurrida.*

Los Jueces Asociados Señores Díaz Cruz y Negrón García concurren en el resultado sin opinión. Los Jueces Asociados Señores Dávila e Irizarry Yunqué se inhibieron.