Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| ROBERTO ROSA SANTANA ROBERTO ROSA CARRASQUILLO Apelantes<br><br>v.<br><br>REY F. RODRÍGUEZ COLLAZO, et als<br>Apelado | TA2025AP00346 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Civil Núm. CG2023CV02463<br><br>Sobre: Acción Confesoria o Denegatoria de Servidumbre |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparecen los señores Roberto Rosa Santana y Roberto Rosa Carrasquillo (parte apelante o apelantes), solicitando la revocación de una *Sentencia Sumaria* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, (TPI), el 23 de julio de 2025, desestimando la causa de acción que estos presentaron. Al así decidir, el foro primario juzgó que la parte apelante no tiene derecho sobre la servidumbre de paso que reclamó, pues fue legalmente constituida en favor de los apelados de epígrafe previo al inicio de que se instara la demanda.

No obstante, la parte apelante arguye ante nosotros que existía una controversia de hechos respecto a la naturaleza y adquisición de la referida servidumbre, pues el foro TPI *ignoró* que habían utilizado el camino en cuestión por más de veinte años, lo que daba lugar a la prescripción adquisitiva.

No tiene razón, procede *confirmar,* por las razones que explicaremos.

## I. Resumen del tracto procesal pertinente

El 20 de julio de 2023, la parte apelante presentó una demanda en contra el señor Rey F. Rodríguez Collazo, su esposa (identificada como Jane Doe), y la sociedad de bienes gananciales compuesta por estos, (parte apelada), alegando que se había constituido una servidumbre de paso en un terreno aledaño a su propiedad, que colindaba con el de la parte apelada. Esgrimió que la parte apelada había instalado un portón en la referida servidumbre, que le impedía el paso. Afirmó que dicha servidumbre de paso era *continua y aparente,* estando en uso como camino vecinal por más de veinte años, desde antes de la parte apelada adquirir su propiedad en el 2003, de modo que operó la prescripción adquisitiva. Como remedio solicitó al Tribunal que ordenara a la parte apelada cesar y desistir de impedir el paso por la referida servidumbre.

En respuesta, la parte apelada instó *Contestación a la demanda* y *Reconvención.* En lo pertinente a la contestación a la demanda, luego de admitir y negar ciertas alegaciones, aseveró que la servidumbre de paso había sido legalmente constituida previo a que se cumpliera algún término de la prescripción adquisitiva, mediante la Escritura Número 4, otorgada el 1 de marzo de 2013, ante el notario público Peter Maldonado González. Añadió que, así constituida mediante escritura pública, la servidumbre fue debidamente inscrita en el Registro de la Propiedad.

Además, en su reconvención, la misma parte alegó que la demanda presentada resultaba frívola, pues había una servidumbre legalmente constituida, según lo revelaba el Registro de la Propiedad, lo que hubiese sido constatado con una averiguación mínima. Añadió, que se le había permitido el paso ocasional a la parte apelante por dicho camino, por la deferencia que se le otorga al buen vecino. Aseveró que, el portón en la servidumbre al que se hizo referencia ha estado allí desde antes que la parte apelante adquiriera su inmueble.

Luego de extensas incidencias procesales, no necesarias aquí reproducir, el 17 de abril de 2025, la parte apelada presentó *Moción de Sentencia Sumaria.* En esta, tras exponer su teoría legal, enumeró cinco hechos como incontrovertidos, para los cuales incluyó prueba documental con el propósito de sostenerlos. De manera específica, en los primeros dos de los hechos propuestos como incontrovertidos la parte apelada afirmó lo siguiente:

1) La servidumbre en controversia fue legalmente constituida. Ver anejos 1, 2, 3 y 4. Certificación Registral, Copia de escritura número 4, otorgada ante Notario Público Peter Maldonado González donde se constituye la servidumbre, Plano de Situación y Plano de mensura del Agrimensor Gilberto Rosario.

2) No existe controversia en que la parte demandante vive el inmueble que alega tiene derecho a la servidumbre desde el año 2003, por otro lado, no hay controversia en que la servidumbre legalmente se constituyó en el año 2013. Ver anejos 1, 2 y 5. Certificación Registral, Copia de escritura número 4, otorgada ante Notario Público Peter Maldonado González donde se constituye la servidumbre y demanda alegación número sexta (ii).[1]

En definitiva, esgrimió que no existía controversia sobre: el hecho de que se constituyó una servidumbre mediante escritura pública, y que la servidumbre en cuestión es la que identifica la parte apelante como la servidumbre a la que tiene derecho; que la parte apelante comenzó a vivir su propiedad en el 2003, y en el 2013 se constituyó la servidumbre mediante escritura pública; que este último hecho derrota cualquier alegación sobre prescripción adquisitiva.

Por su parte, los apelantes presentaron *Oposición a la Moción de Sentencia Sumaria.* Luego de aducir en su párrafo introductorio que había controversias de hecho que imposibilitaban conceder el remedio sumario peticionado, enumeró las siguientes *controversias de hechos*:

1) aunque la parte demandada afirma que la servidumbre fue legalmente constituida en el año 2013, la parte demandante ha alegado bajo juramento haber utilizado de forma continua y aparente la servidumbre desde el año 2003, es decir, diez años antes de dicha escritura estableciendo una servidumbre de paso.

---

[1] Ver Entrada Núm. 102 de SUMAC, pág. 2.

2) El uso público, visible y sin interrupciones de la vía de paso es indicativo de una servidumbre continua y aparente, susceptible de adquisición por prescripción según el Artículo 473 del Código Civil (31 L.P.R.A. § 1651).[2]

Luego de lo cual, los apelantes arguyeron que las servidumbres *continuas y aparentes pueden adquirirse mediante prescripción,* y que ya habían presentado alegaciones juradas y evidencia documental/fotográfica que mostraban el uso continuo del camino por más de veinte años. Sostuvieron que, cuando la parte apelada invocaba una escritura de 2013, esto no refutaba el uso previo del camino, sino que con ello se intentaba reemplazar una servidumbre prescriptiva con una legalmente constituida.

Llámese la atención en este punto al dato de que, aunque en la moción en oposición a sentencia sumaria aludida la parte apelante aseveró haber presentado *alegaciones juradas y evidencia documental/ fotográfica,* no incluyó documentación alguna que sirviera el propósito de sostener lo afirmado. Es decir, la moción en oposición a sentencia sumaria carecía de evidencia documental.

Ante ello, mediante *Moción sobre incumplimiento con la R. 36 de Procedimiento Civil y solicitud de remedio,* la parte apelada advirtió al Tribunal, precisamente, que en la moción en oposición sentencia sumaria la parte apelante no acompañó documentación para sostener lo que alegó, o para impugnar la prueba incluida en la moción de sentencia sumaria.[3]

Es así como, el 23 de julio de 2025, el TPI emitió la Sentencia cuya revocación nos solicita la parte apelante, acogiendo la *Moción de sentencia sumaria* instada por la parte apelada, desestimatoria de la *Demanda* instada. Al así decidir, el foro primario acogió los hechos propuestos como incontrovertidos por la parte apelada, que daban cuenta de la adquisición de la servidumbre en controversia mediante escritura pública, según consta en el Registro de la Propiedad, cuya constitución aconteció diez

---

[2] Entrada Núm. 105 de SUMAC, págs. 1-2.
[3] Entrada Núm. 106 de SUMAC.

años previo a la presentación de la Demanda, lo que derrotaba cualquier alegación sobre prescripción adquisitiva.

Insatisfecho, la parte apelante presentó una *Moción de Reconsideración*, que fue declarada *No Ha Lugar*.

En consecuencia, los señores Roberto Rosa Santana y el señor Roberto Rosa Carrasquillo acuden ante nosotros, señalando la comisión de los siguientes errores:

**PRIMER ERROR:** Erró el Tribunal al concluir que la existencia de una escritura pública constituyendo una servidumbre en el año 2013 automáticamente descarta la posibilidad de que los demandantes hayan adquirido un derecho de servidumbre por prescripción adquisitiva previa o concurrente a dicha constitución.

**SEGUNDO ERROR:** Erró el Tribunal al desestimar la causa de acción de la parte demandante mediante sentencia sumaria negándole a la parte demandante aquí apelante el poder presentar la evidencia testifical e ilustrativa en juicio para poner en posición al Tribunal de emitir una sentencia luego de valorada toda la prueba en respecto al debido proceso de ley que le asiste a las partes.

En respuesta, la parte apelada también compareció ante este Tribunal de Apelaciones, mediante *Alegato en oposición*.

Estamos en posición de decidir.

**II. Exposición de Derecho**

a.

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Roldan Flores v. M. Cuebas et al., 199* DPR 664, 676 (2018); *Rodríguez Méndez et al. v. Laser Eye,* 195 DPR 769, 785 (2016), *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014). La sentencia sumaria hace viable este objetivo al ser un mecanismo procesal que le permite al tribunal dictar sentencia sobre la totalidad de una reclamación, o cualquier controversia comprendida en ésta, sin la necesidad de celebrar una vista evidenciaria. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed., Colombia, 2012, pág. 218.

Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *González Santiago v. Baxter Healthcare,* supra*; Roldan Flores v. M. Cuebas et al.,* supra; *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo,* 189 DPR 414, 430 (2013).

La mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria... cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se considera un hecho esencial y pertinente, aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

Sin embargo, la duda para impedir que se dicte sentencia sumaria no puede ser cualquiera, sino que debe ser de tal grado que "permita concluir que hay una controversia real y sustancial sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión,* supra, págs. 213-214.

Dicho lo anterior, es esencial reconocer que la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R.36, establece de manera específica los requisitos de forma con los que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En lo pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V.

A su vez, **la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente**. (Énfasis provisto). Regla 36.3(b), 32 LPRA Ap. V. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100,137 (2015). La parte que se opone **no puede descansar exclusivamente en sus alegaciones ni tomar una actitud pasiva**. (Énfasis provisto). *Toro Avilés v. P.R. Telephone Co.*, 177 DPR 369, 383 (2009). Por el contrario, tiene que controvertir la prueba presentada por la parte solicitante, a fin de demostrar que sí existe controversia real sustancial sobre los hechos materiales del caso en cuestión. *González Aristud v. Hosp. Pavía*, 168 DPR 127 (2006).

Nuestro más alto foro ha manifestado que "a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien promueve". *Meléndez González et al. v. M. Cuebas*, supra, pág. 137.

**A. Función revisora del foro apelativo con respecto a la sentencia sumaria dictada por el foro primario**

En el caso de revisar sentencias del Tribunal de Primera Instancia dictadas mediante el mecanismo de sentencias sumarias o resolución que deniega su aplicación, nuestro Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Íd*. A tenor, el Tribunal de Apelaciones debe:

1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Íd.* en la pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Bravo*, 161 DPR 308, 335 (2004).

b.

i.

El Artículo 465 del Código Civil de Puerto Rico de 1930[4], definía la servidumbre como "un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño. El inmueble a cuyo favor está constituida la servidumbre se llama predio dominante; el que la sufre,

---

[4] Según es conocido, el vigente Código Civil de Puerto Rico de 2020 entró en vigor el 28 de noviembre de 2020, no obstante, para efectos de la situación de hechos ante nuestra atención resulta de aplicación el derogado Código Civil, de aquí que hagamos referencia a este.

predio sirviente". 31 LPRA § 1631. El Artículo 468 del mismo cuerpo legal explica los diferentes tipos de servidumbres:

> Las servidumbres pueden ser continuas o discontinuas, aparentes o no aparentes.
>
> Continuas son aquellas cuyo uso es o puede ser incesante sin la intervención de ningún hecho del hombre.
>
> Discontinuas son las que se usan a intervalos más o menos largos y dependen de actos del hombre.
>
> Aparentes, las que se anuncian y están continuamente a la vista por signos exteriores que revelan el uso y aprovechamiento de las mismas.
>
> No aparentes, las que no presentan indicio alguno exterior de su existencia. 31 L.P.R.A. § 1634.

Según el Artículo 473 del Código Civil, *supra*, "[l]as servidumbres continuas y aparentes se adquieren en virtud de título, o por la prescripción de veinte (20) años". 31 LPRA § 1651. Además, el Artículo 475 del Código Civil, *supra*, dispone que "[l]as servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, sólo podrán adquirirse en virtud de título". 31 L.P.R.A. § 1653. Adicionalmente, conforme a lo expuesto en el Artículo 477 del Código Civil, *supra*,

> La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura. 31 LPRA § 1655.

Con arreglo a su exteriorización, las servidumbres de paso pueden ser aparentes o no aparentes. *Soc. de Gananciales v. Mun. de Aguada*, 144 DPR 114 (1997). Con arreglo a su ejercicio, **las servidumbres de paso son discontinuas**, ya que "su ejercicio requiere el acto de pasar por el fundo sirviente". *Id.* (Énfasis provisto). Es decir, "el beneficio se da solamente cuando el hombre actúa, transitando por el predio sirviente". *Id.* Por lo tanto, "es un principio trillado que **las servidumbres de paso, precisamente <u>por ser discontinuas, no</u> pueden adquirirse mediante <u>prescripción adquisitiva</u>"**. *Id.* (Énfasis y subrayado provistos). "**La

**servidumbre de paso sólo puede adquirirse mediante título y no por prescripción**". *Id.* (Énfasis provisto).

ii.

A pesar de lo explicado, a modo de excepción a los términos del aludido artículo 475, las servidumbres de paso también pueden ser adquiridas mediante la existencia de un "signo aparente" si se cumplen los requisitos establecidos por el Art. 477 del Código Civil, 31 L.P.R.A. sec. 1655. *Soc. de Gananciales v. Mun. de Aguada*, supra; *Díaz v. Con. Tit. Cond. El Monte N. Garden*, 132 DPR 452. Tal modo de adquirir ha sido reiteradamente interpretado en el sentido de que resulta de aplicación a cualquier servidumbre continua o discontinua, **siempre que ésta sea de naturaleza aparente**. *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra; *Ibáñez v. Tribunal Superior*, 102 DPR 615 (1974), pág. 627. (Énfasis provisto).

Específicamente, el referido Art. 477 del Código Civil dispone lo siguiente:

> La existencia de un signo aparente de servidumbre entre dos fincas establecido por el *propietario de ambas, se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura.* (Énfasis suplido.) 31 L.P.R.A. sec. 1655.

El signo aparente es la exteriorización o expresión manifiesta de un hecho visible que revela una relación de servicio en un determinado aspecto entre dos (2) fincas, y el cual es establecido por el dueño de ambas. *Soc. de Gananciales v. Mun. de Aguada*, supra; *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra, pág. 460. Este signo ha de ser ostensible, indubitado y permanente; no variable, dudoso ni accidental. *Soc. de Gananciales v. Mun. de Aguada*, supra; *Delgado Cruz v. Girau Bernal*, 115 D.P.R. 61, 6667 (1984).

Su apariencia exterior le atribuye una publicidad equivalente a la de la inscripción en el Registro de la Propiedad y, por lo tanto, surte efecto contra el adquirente del inmueble aunque no resulte del Registro de la Propiedad la existencia de la servidumbre. *Soc. de Gananciales v. Mun. de Aguada*, supra; *Ibáñez v. Tribunal Superior*, supra, pág. 626. Es también por tal apariencia exterior, que el propio texto del Art. 477 del Código Civil, *supra*, equipara el signo aparente al título de adquisición de las servidumbres una vez éste queda declarado por un tribunal competente. *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra, citando a J. Bonet Correa, *La constitución tácita de las servidumbres en el Código Civil español*, 4 An. Der. Civ. 73, 92 (1951); *Ibáñez v. Tribunal Superior*, supra, pág. 627.

Es debido a las repercusiones que una servidumbre constituida por signo aparente tiene en el tráfico jurídico de los bienes inmuebles que nuestra jurisprudencia reiteradamente ha señalado que el signo mismo ha de ser ostensible e indubitado, *Ibáñez v. Tribunal Superior*, supra, pág. 627, permanente, no variable ni accidental. *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra; *Delgado Cruz v. Girau Bernal*, 115 D.P.R. 61, 66–67 (1984); *Goenaga v. O'Neill de Milán*, 85 D.P.R. 170, 216 (1962). En cuanto al signo aparente que un camino o trillo pueda sugerir, en *Goenaga v. O'Neill de Milán*, supra, se indicó que **la mera existencia de veredas, trillos o caminos irregulares no equivale a un signo aparente de servidumbre de paso. Tampoco queda constituida dicha servidumbre por la mera tolerancia de dicho paso**. *Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra; *Ibáñez v. Tribunal Superior*, supra; *Goenaga v. O'Neill de Milán*, supra, pág. 203. (Énfasis provisto). En *Logia Caballeros del Sur v. Cordero*, 74 D.P.R. 444, 448 (1953), se expresó a iguales efectos, que debían "existir algunas manifestaciones físicas de la servidumbre, tales como un pasadizo nivelado de brea o cemento, un callejón claramente

trazado o algunos otros signos visibles de la servidumbre". *Díaz v. Con. Tit. Cond. El Monte N. Garden,* supra.

**III. Aplicación del Derecho a los hechos**

a.

Según adelantamos, la revisión de una sentencia sumaria por este foro apelativo acontece *de novo,* por lo que, antes de considerar asuntos sobre derecho sustantivo, nos compete verificar primero si las partes cumplieron con los requisitos que la Regla 36 de Procedimiento Civil, supra, en la presentación y oposición de esta moción dispositiva.

Iniciando tal examen con la moción se sentencia sumaria instada por la parte apelada, juzgamos que cumple sustancialmente con la Regla 36.3(a) de Procedimiento Civil, supra, particularmente en lo concerniente a enumerar una lista de hechos incontrovertidos, anejando la documentación que los sostienen.

*A contrario sensu,* en su moción en oposición a sentencia sumaria la parte apelante incumplió con la Regla 36.3(b) de Procedimiento Civil. En lo esencial, esta parte no hizo referencia a los hechos enumerados como incontrovertidos por la parte promovente de la moción dispositiva, como tampoco incluyó evidencia documental alguna para impugnarlos, ni para sostener los hechos que propuso como incontrovertidos.

Como resultado, examinada la petición de sentencia sumaria instada por los apelados, acogemos cada uno de los hechos que el TPI enumeró como incontrovertidos en la Sentencia apelada, en tanto juzgamos que la prueba documental presentada por la parte promovente de la moción dispositiva así los sostuvo. Ante lo cual solo resta la aplicación del derecho correspondiente.

b.

Conviene iniciar afirmando que las servidumbres de paso **son de naturaleza discontinua**, tal como lo resaltamos en la exposición de

derecho, y por ello, como norma general, solo pueden ser adquiridas **mediante título,** (no a través de la prescripción adquisitiva, como ha insistido la parte apelante desde la presentación de la demanda).

Precisamente, en el caso ante nuestra atención la parte apelada presentó documentación con la que estableció como hecho incontrovertido haber adquirido la servidumbre de paso en controversia mediante escritura pública, (título), según así lo refleja el Registro de la Propiedad. Es decir, que, según expresamente lo reconocía el Código Civil, la parte recurrida adquirió la servidumbre de paso mediante título en el 2013, cuyo derecho consiguió entrada y publicidad en el Registro de la Propiedad, lo que derrota la alegación sobre presunta adquisición por prescripción adquisitiva.

Por otra parte, los apelantes sostienen que opera aquí la adquisición de dicha servidumbre, por virtud de signo aparente.

Sobre esto, aunque nuestro ordenamiento sí reconoce tal vía para adquirir una servidumbre de paso, en el escrito en oposición a sentencia sumaria no se incluyó prueba documental alguna que le sirviera al tribunal *a quo,* ni a este foro intermedio en su revisión *de novo,* para ponderar tal posibilidad. Según dijimos, ante la presentación de una moción de sentencia sumaria que, en este caso, fue sustentada con prueba documental para establecer los hechos materiales relativos a la adquisición de la servidumbre mediante título, la parte apelante no podía descansar en sus solas alegaciones para impugnarlas, ni para promover los hechos que estimaba materiales e incontrovertidos para su causa de acción.

Con precisión, la parte apelada puso en posición de sopesar la titularidad de la servidumbre, al poder verificar la escritura pública que dio cuentas de dicho negocio jurídico, con referencia a su entrada al Registro de la Propiedad, además de una declaración jurada en la que se

afirmó que tan solo se permitía el uso de la servidumbre como *buen vecino*, e incluyó retratos sobre tal camino.

A ello ninguna prueba antepuso el apelante para impugnar lo afirmado, insistimos, **y tampoco incluyó documentación para sustentar la alegada constitución de una servidumbre de paso por signo aparente**. En este sentido, carecemos de prueba que demuestre el *signo aparente* alegado. Como ya dijimos, el signo aparente es concebido como la *exteriorización o expresión manifiesta de un hecho visible que revela una relación de servicios en un determinado aspecto entre dos (2) fincas establecido por el dueño de ambas. Díaz v. Con. Tit. Cond. El Monte N. Garden*, supra.

En consecuencia, acertó el TPI al apreciar ausencia de hechos en controversia que le impidieran disponer de la causa de acción de manera sumaria, y en la aplicación del derecho correspondiente, de modo que solo cabe confirmar la sentencia apelada.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones